IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CORTIS, INC., | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| CORTISLIM INTERNATIONAL, | § | |
| INC., NATIONAL MARKETING, | § | Civil Action 3:12-cv-00562-P |
| INC., CORTISLIM | § | |
| INTERNATIONAL LLC, ALAN R. | § | |
| SPORN, JOHN S. NEUBAUER, JR, | § | |
| and RICHARD A. SPORN, | § | |
| | § | |
| Defendants. | § | |

**ANSWER OF ALAN SPORN, CORTISLIM INTERNATIONAL, INC.,
NATIONAL MARKETING, INC., AND CORTISLIM INTERNATIONAL, LLC**

COME NOW Alan Sporn, Cortislim International, Inc., National Marketing, Inc., and

Cortislim International, LLC, Defendants herein ("Defendants"), and make this, their answer to the

Complaint of Cortis, Inc., stating as follows:

1.      Defendants admit the allegations contained in paragraphs 2, 3, 5, 14, and 81 of the

Complaint

2.      Defendants deny each and every allegation contained in paragraphs 8, 9, 13, 15, 31,

35, 38, 39,  42, 43, 45, 46, 50, 55, 56, 58, 62, 67, 69, 73, 77, 78, 79, 82, 83, 90, 91, and 92 of the

Complaint and further deny Plaintiff's right to any of the relief prayed for in the *ad damnum* clauses

of the Complaint.

3.      Defendants are without knowledge or information sufficient to form a belief as to the

allegations contained in paragraphs 10, 11, 12, 21, 23, 27, 28, both paragraphs numbered 32, 33, 40, 41, 49, 51, 52, 53, 61, 63, 65, 72, 74, 76, 86, 87, 88, and 89 of the Complaint and therefore deny each and every such allegation

4.      Defendants admit the allegations contained in paragraph 1 of the Complaint except that they are without knowledge or information sufficient to form a belief as to the allegation of the principal place of business of the Plaintiff and therefore deny that allegation.

5.      Defendants admit the allegations contained in paragraph 4 of the Complaint except that they deny the allegations contained in the final sentence of that paragraph.

6.      Defendants admit the allegations contained in paragraph 6 of the Complaint except that they deny the allegations contained in the final sentence of that paragraph.

7.      Defendants admit the allegations contained in the first sentence of in paragraph 7 of the Complaint and admit that R. Sporn is a stockbroker, but otherwise they deny the allegations contained that paragraph.

8.      Defendants deny each and every allegations contained in paragraph 15 of the Complaint except they admit that CortiSlim International, Inc., is the owner of the registered trademark, "CortiSlim®."

9.      Defendants admit the allegations contained in paragraph 17 of the Complaint except that they deny each and every allegation in that paragraph that follows the word "however."

10.     Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 18 of the Complaint and therefore deny each and every such allegation, except that they admit that Cortislim International, Inc., is the owner of the domain name "www.cortislim.com."

11.      Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 19 of the Complaint and therefore deny each and every such allegation, except that they admit that a Private Placement Memorandum exists and he refers to the Court to that document to ascertain its contents.

12.      Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in paragraphs 20 and 22 of the Complaint and therefore deny each and every such allegation, except that they admit that he had communications with Mr. Graziano regarding financing, advertising and marketing for CortiSlim International, Inc..

13.      Defendants are without knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph 24 of the Complaint and therefore deny each and every such allegation, except that they admit that there was a valuation Report dated July 15, 2010, prepared by an independent appraiser which valued CortiSlim, Inc., at $183,000.00.

14.      Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 25 of the Complaint and therefore deny each and every such allegation, except that they admit that there was an email proposing terms of an investment in CortiSlim and refer the court to that document for the contents thereof and they further admit that there were discussions regarding all of the topics set out in that paragraph and refers the Court to Exhibit A to the Complaint which sets out the terms of the agreement between the parties.

15.      Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 26 of the Complaint and therefore deny each and every such allegation, except that they refer the Court to Exhibit A to the Complaint which sets out the terms of the agreement between the parties.

16.     Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 29 of the Complaint and therefore deny each and every such allegation, except that they admit that Exhibits A and B to the Complaint are authentic, and refer the Court to them to ascertain their contents.

17.     Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in the first sentence of paragraph 30 of the Complaint and therefore deny each and every such allegation, except that they expressly deny the allegations contained in the last two sentences of that paragraph.

18.     With respect to the allegations in paragraphs 34, 44, 57, 68, 80, and 84 of the Complaint each of which incorporate preceding paragraphs of the Complaint, Defendants incorporate the responses to each incorporated paragraph as if it were set out in full herein.

19.     Defendants are without information or information sufficient to form a belief with respect to the allegations contained in paragraphs 36, 47, 59, and 70 of the Complaint but admit that there were discussions concerning the subjects listed in that paragraph

20.     Defendants are without information or information sufficient to form a belief with respect to the allegations contained in paragraphs 37, 48, 60 and 71 of the Complaint and therefore deny them, except that they expressly deny the allegations which claim that he made false representations.

21.     Defendants deny the allegations contained in paragraph 54 of the Complaint that Mr. Sporn made any false representations, but are without knowledge or information sufficient to form as belief as to the other allegations contained in that paragraph and therefore deny those allegations.

22.     Defendants deny the allegations contained in paragraph 64 of the Complaint

contending that any of the representations of any of them were false, but are without knowledge or information sufficient to form as belief as to the other allegations contained in that paragraph and therefore deny those allegations.

23.    Defendants deny the allegations contained in paragraph 66 of the Complaint contending that any of the representations of any of them were false, but are without knowledge or information sufficient to form as belief as to the other allegations contained in that paragraph and therefore deny those allegations.

24.    Defendants deny the allegations contained in paragraph 75 of the Complaint contending that any of the representations of any of them were false, but are without knowledge or information sufficient to form as belief as to the other allegations contained in that paragraph and therefore deny those allegations.

25.    Defendants are without knowledge or information sufficient to form a belief regarding the allegations contained in paragraph 85 of the Complaint but admit that at all times Mr. Sporn has been the sole director and officer of CortiSlim International, Inc.

## DEFENSES

Defendants assert the following defenses to the Complaint and reserves their right to amend or supplement these defenses as further information becomes available through discovery:

1.    Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2.    Plaintiff's claims against Defendants are barred by laches, waiver, and/or estoppel.

3.    Upon information and belief, any injury, loss or damage that Plaintiff may have sustained was caused in whole or in part by Plaintiff's own negligence.

4.    If Plaintiff sustained any injury or incurred any loss or damage as alleged in the

Complaint, the same resulted in whole or in part from an intervening cause and/or causes, and any action on the part of Defendants was not the proximate and/or competent producing cause of Plaintiff's alleged injuries.

5.      If Plaintiff sustained any injury or incurred any loss or damages as alleged in the Complaint, the same were caused in whole or in part by acts or omissions of another or others over whom Defendants neither exercised nor had any right of control, for which Defendants are and were not responsible, and whose conduct Defendants had no duty or reason to anticipate or control.

6.      Plaintiff's claims against Defendants are barred in whole or in part because the Complaint fails to allege fraud with particularity as required by Rule 9(b) of the Federal Rule of Civil Procedure.

7.      Plaintiff's claims against Defendants are barred in whole or in part because the Complaint fails to comply with the pleading requirements of the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §§ 78u-4, and Rule 8 of the Federal Rules of Civil Procedure.

8.      The damages allegedly suffered by Plaintiff were not caused by Defendants, did not result from any alleged misstatement, misrepresentation, or omission referred to in the Complaint for which Defendants could be legally found to be responsible or liable, were not the proximate cause of the alleged basis for liability for Plaintiff's alleged injury, and were caused by economic, market, or other forces or independent intervening or superseding causes, or by the acts and/or failures to act of persons and/or entities other than Defendants over whom Defendants had no control or influence.

9.      Plaintiff's claims are barred, in whole or in part, because Plaintiff did not purchase or sell securities in reliance on misrepresentations attributable to Defendants.

10.    Plaintiff's claims are barred, in whole or in part, by the failure of Plaintiff to exercise due care and/or failure to act reasonably to protect itself from, or to mitigate, any alleged damages.

11.    Plaintiff's claims are barred, in whole or in part, on the grounds the Plaintiff assumed the risks associated with the investment at issue.

12.    Without admitting that Plaintiff suffered any damages, or that Defendants is or should be liable for any such damages, Defendants assert that their liability is limited by 15 U.S.C. § 78u-4(e).

13.    Any damage, loss, or liability sustained by Plaintiff on any of its claims must be reduced, diminished, and/or eliminated in proportion to the wrongful or negligent conduct of entities or individuals other than Defendants under the principles of equitable allocation, recoupment, setoff, proportionate liability, and comparative fault, including but not limited to, the proportionate liability provisions of 15 U.S.C. § 78u-4(f).

14.    Plaintiff's claims are barred, in whole or in part, because Plaintiff knew or is deemed to have known any allegedly undisclosed facts that allegedly gave rise to any cause of action.

15.    Plaintiff's claims are barred, in whole or in part, because the alleged actions were not in connection with the purchase or sale of a security.

16.    Plaintiff's claims are barred, in whole or in part, because any alleged statements of Defendants were forward- looking statement protected by the safe harbor provision in the Private Securities Litigation Reform Act of 1995.

17.    Plaintiff's claims are barred, in whole or in part, by the principles of waiver, ratification, and/or estoppel.

18.    Plaintiff's claims are barred, in whole or in part, by the business judgment rule.

19.     Plaintiff's claims are barred, in whole or in part, by the doctrine of *in pari delicto*.

20.     Plaintiff's claims are barred, in whole or in part, because Defendants's actions were legally justified and/or privileged.

21.     Plaintiff's claims are barred, in whole or in part, because Plaintiff had knowledge of the falsity, if any, of the representations upon which he claims he relied.

22.     To the extent that Plaintiff's claims sound in negligent misrepresentation, such claims are barred by the absence of privity between Plaintiff and Defendants.

23.     Plaintiff has failed to join and include in this action all identifiable and indispensable parties without whom, in equity and fairness, this action should not proceed.

24.     Plaintiff asserts a breach of contract claim against Defendants who were not a party to the contract.

25.     Plaintiff has materially breached its obligations under the Subscription Agreement and is therefore barred from any recovery.

26.     Plaintiff has breached its covenant of good faith and fair dealing with Defendants.

27.     Plaintiff has made material misrepresentations to Defendants causing injury which must be set off against any alleged injury to Plaintiff.

28.     Defendants reserves the right to assert any further or additional affirmative defenses as become available or of which they learn as a result of discovery herein.

## REQUEST FOR RELIEF

**WHEREFORE**, Defendants respectfully requests that:

a.     Plaintiff's Complaint be dismissed with prejudice;

b.     Plaintiff take nothing in this action;

c.      The Court award to Defendants fees, expenses, costs, and other relief to which

Defendants is entitled.

Respectfully submitted

   /s/ Eugene Zemp DuBose
Eugene Zemp DuBose
State Bar No. 06151975
3905 Hawthorne Avenue, Suite D,
Dallas Texas 75219
(214) 520-2983
Fax (214) 520-2985
Cell (214) 675-9022
Email gene@ezlaw.org

ATTORNEY FOR  ALAN SPORN,
CORTISLIM INTERNATIONAL, INC.,
NATIONAL MARKETING, INC., and
CORTISLIM INTERNATIONAL, LLC

Certificate of Service

This is to certify that on February 8, 2013, I electronically filed the foregoing document with the Clerk of the Court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means:

Robert F. Maris
Matthew W. Lindsey
Maris & Lanier, P.C.
3710 Rawlins Street, Suite 1550
Dallas, Texas 75219

Michael A. Walsh
Strasburger & Price, LLP
901 Main Street, Suite 4400
Dallas, Texas 75202

   /s/ Eugene Zemp DuBose
Eugene Zemp DuBose