IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CORTIS, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:12-cv-00562-P |
| | § | |
| CORTISLIM INTERNATIONAL, | § | |
| INC., NATIONAL MARKETING, | § | |
| INC., CORTISLIM | § | |
| INTERNATIONAL LLC, ALAN R. | § | |
| SPORN, JOHN S. NEUBAUER, JR, | § | |
| AND RICHARD A. SPORN, | § | |
| | § | |
| Defendants. | § | |

**PLAINTIFF'S MOTION FOR CONTEMPT AND FOR SANCTIONS, AND BRIEF IN SUPPORT**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW Plaintiff Cortis, Inc. ("Plaintiff") and, pursuant to Rule 37 of the Federal Rules of Civil Procedure, files this Motion for Contempt and Motion for Sanctions against Defendants Alan R. Sporn ("Sporn"), Cortislim International, Inc. ("Cortislim, Inc."), National Marketing, Inc. ("NMI"), and Cortislim International, LLC ("Cortislim, LLC") (collectively "Defendants"), and brief in support of same. In support thereof, Plaintiff respectfully shows this Honorable Court the following:

I.

Statement of Relevant Facts

1.    On February 23, 2012, Plaintiff filed its Complaint against Defendants, among others. (Dkt. 1).

2.    On February 29, 2012, Cortislim, Inc. was served with process. (Dkt. 6).

3.     On April 16, 2012, Sporn, Cortislim, LLC, and NMI were served with process.  (Dkts. 12, 13 & 14).

4.     On October 26, 2012, counsel for Defendants filed a motion to withdraw. (Dkt. 36).  On October 29, 2012, the Court entered an order granting Defendants' former counsels' motion to withdraw.  (Dkt. 37).  The order stated that Defendants' new counsel should make an appearance by November 28, 2012.  *Id.*

5.     After Defendants failed to obtain new counsel by the deadline ordered by the Court, on December 3, 2012, Plaintiff moved the Court for a default judgment as to Defendants.  (Dkt. 44).

6.     Two days later, on December 5, 2012, Defendants' second attorney made an appearance in this case.  (Dkt. 47).

7.     On February 20, 2013, Plaintiff served Defendants with Plaintiff's First Set of Interrogatories and Requests for Production to Defendant Alan R. Sporn, Plaintiff's First Set of Interrogatories and Requests for Production to Defendant National Marketing, Inc., Plaintiff's First Set of Interrogatories and Requests for Production to Defendant Cortislim International, Inc., and Plaintiff's First Set of Interrogatories and Requests for Production to Defendant Cortislim International, LLC (collectively, the "First Discovery Requests").  The original deadline for Defendants to respond to the First Discovery Requests was March 25, 2013.

8.     On March 14, 2013, Defendants' second attorney filed his Unopposed Motion to Withdraw as Counsel and to Extend Time to Respond to Discovery.  (Dkt. 60).  Defendants' second counsel's motion to withdraw requested, as counsel for Plaintiff had agreed, that the deadline for Defendants to respond to the First Discovery Requests be extended to April 22, 2013.  *Id.*

9.      On March 19, 2013, the Court entered its Order granting the withdrawal of Defendants' second attorney and requiring Defendants to respond to the First Discovery Requests "no later than April 22, 2013." (Dkt. 61).

10.     On April 2, 2013, Defendants' third and current attorney, J. Branden Snyder, filed his notice of appearance on behalf of Defendants.  (Dkt. 62).

11.     Shortly thereafter, Mr. Snyder contacted counsel for Plaintiff and requested an additional extension of time to respond to the First Discovery Requests. Plaintiff agreed to the additional extension, and on April 23, 2013, Defendants and Plaintiff filed a stipulation extending the time for Defendants to respond to the First Discovery Requests to May 15, 2013.  (Dkt. 63).

12.     On April 25, 2013, Plaintiff served Cortislim, Inc. with Plaintiff's Second Request for Production of Documents to Defendant Cortislim International, Inc. (the "Second Discovery Requests").  The original deadline for Cortislim, Inc. to respond to the Second Discovery Requests was May 28, 2013.

13.     As May 15, 2013 grew near, Mr. Snyder again called counsel for Plaintiff and requested yet another extension of time to respond to the First Discovery Requests. Plaintiff again agreed, and Defendants and Plaintiff informally extended the deadline for Defendants to respond to the First Discovery Requests to May 20, 2013.

14.     On May 21, 2013, Plaintiff received Defendant Alan Sporn's Responses to Plaintiff's First Set of Interrogatories and Requests for Production ("Sporn's Response"), Defendant National Marketing, Inc.'s Responses to Plaintiff's First Set of Interrogatories and Requests for Production ("NMI's Response"), Defendant Cortislim International LLC's Responses to Plaintiff's First Set of Interrogatories and Requests for Production ("Cortislim, LLC's Response"), and Defendant Cortislim International, Inc.'s Responses

to Plaintiff's First Set of Interrogatories and Requests for Production ("Cortislim, Inc.'s Response") (collectively, the "Responses").

15.    Upon reviewing the Responses, it became immediately apparent to counsel for Plaintiff that the Responses were incomplete and rife with both unjustified and invalid objections.  Additionally, several of the answers to the interrogatories were verifiably false based on documents informally produced prior to this lawsuit. Defendants did not produce a single document with the Responses.    Finally, the answers to the interrogatories were not verified by any of the Defendants.

16.    On May 22, 2013, counsel for Plaintiff contacted Mr. Snyder to convey Plaintiff's concerns regarding the Responses.  Mr. Snyder explained that he realized the Responses were incomplete, but stated that he thought it best to serve the Responses based on the incomplete information he currently had rather than to request another extension with respect to the First Discovery Requests; however, during the conversation Mr. Snyder did request an extension of time to respond to the Second Discovery Requests.  At the conclusion of the conversation, Mr. Snyder promised to serve amended Responses, obtain verifications for the interrogatories, serve a written response to the Second Discovery Requests, and produce all documents responsive to both the First and Second Discovery Requests by June 5, 2013.

17.    On May 28, 2013, counsel for Plaintiff wrote Mr. Snyder to "begin scheduling the depositions of Alan Sporn and the corporate defendants."[1]  In addition, the letter requested that the corporate Defendants designate corporate representatives. Mr. Snyder responded on May 30, 2013 and stated that "Sporn is [sic] currently has

---

[1] A true, correct and complete copy of the letter dated May 28, 2013 is attached hereto as Exhibit "1," and incorporated herein by reference.

medical issues that will make June depositions impossible [... but] is hopeful he will be in better condition in July.[2]

18.     On June 5, 2013, the day on which Defendants had agreed to fully respond to all outstanding discovery, Mr. Snyder again called counsel for Plaintiff regarding the First and Second Discovery Requests.  Mr. Snyder stated that there was a "technical difficulty" which was preventing him from obtaining responsive documents.  Mr. Snyder did not mention any problems regarding amending and filing the written responses, nor did he mention the verifications.  At the conclusion of the conversation, Mr. Snyder indicated that he would get everything to Plaintiff by the end of that week.

19.     Also on June 5, 2013, Plaintiff requested information related to Sporn's medical condition, and the reasons it was preventing him from participating in discovery.[3]

20.     On June 7, 2013, the day on which Mr. Snyder had promised to serve the discovery responses, Mr. Snyder informed counsel for Plaintiff, by email, that Sporn "is currently in no condition to answer discovery."[4]  Mr. Snyder's email further stated that he would obtain and produce Sporn's medical information so that the parties could "assess the situation."[5]

21.     On June 17, 2013, Plaintiff filed its Motion to Compel seeking a court order compelling Defendants to respond fully to the Discovery Requests (the "Motion to Compel").  (Dkt. 64).

---

[2] A true, correct and complete copy of the email from Branden Snyder dated May 30, 2013 is attached hereto as Exhibit "2," and incorporated herein by reference.

[3] A true, correct and complete copy of the email from Branden Snyder dated June 5, 2013 is attached hereto as Exhibit "3," and incorporated herein by reference.

[4] A true, correct and complete copy of the email from Branden Snyder dated June 7, 2013 is attached hereto as Exhibit "4," and incorporated herein by reference.

[5] *Id.*

22.     On June 20, 2013, the Court ordered the parties to more fully confer on the issues raised in the Motion to Compel at a face-to-face conference.  (Dkt. 66).  Counsel for both Plaintiff and Defendants participated in such a conference during which they reached an agreement regarding the Discovery Requests and the pending Motion to Compel.

23.     On July 1, 2013, the Court entered its Agreed Order on Plaintiff's Motion to Compel in which the Court ordered "that each of the Defendants shall respond fully, without objection, to Plaintiff's amended discovery requests,"[6] "provide notarized verifications in support of" their responses, and produce all responsive documents "no later than July 31, 2013" (the "Compel Order").  (Dkt. 67).

24.     On July 25, 2013, defendants Sporn and Cortislim, Inc. filed their Motion for Leave to Amend Original Answer and Join Claims and Parties (the "Motion for Leave").  (Dkt. 70).  The Motion for Leave seeks to add frivolous counterclaims against Plaintiff, seeks to add frivolous third-party claims against Plaintiff's owner and his wife, and seeks to add frivolous third-party claims that are not related to the occurrences or transaction giving rise to the instant litigation against a husband and wife who are residents of the state of Hawaii.

25.     Plaintiff did not, and to this date, has not, received the discovery the Court ordered Defendants to provide to Plaintiff no later than July 31, 2013.  Nor have Defendants offered any excuse or justification for their failure to comply with the Compel Order.

---

[6] The amended discovery requests to which Defendants were ordered to respond are attached to the Agreed Order on Plaintiff's Motion to Compel as Exhibit "A."

26.    On August 1, 2013, Defendants served Plaintiff with their first set of interrogatories and request for production of documents.

II.

<u>Argument & Authorities</u>

*27.*    Rule 37 permits a court to treat as contempt of court a party's failure to obey an order to provide or permit discovery.  Fed. R. Civ. P. 37(b)(2)(A)(vii).  A "party seeking an order of contempt need only establish by clear and convincing evidence: (1) that a court order was in effect; (2) that the order required certain conduct by the respondent; and (3) that the respondent failed to comply with the court's order.  *Piggly Wiggly Clarksville, Inc. v. Mrs. Baird's Bakeries*, 177 F.3d 380, 382 (5th Cir. 1999) (internal citation omitted).  "A party commits contempt when he violates a definite and specific order of the court requiring him to perform or refrain from performing a particular act or acts with knowledge of the court's order."  *Id.* (quoting *Travelhost, Inc. v. Blandford,* 68 F.3d 958, 961 (5th Cir. 1995)).  "Civil contempt is appropriate to either bring a party into compliance with the court order and/or to compensate the complaining party for losses sustained due to failure to comply."  *Cooper v. Dallas Police Ass'n*, No. 3:05-cv-1778-N, 2013 WL 1787564, at *3 (N.D. Tex. Apr. 5, 2013) *report and recommendation adopted*, 3:05-cv-1778-N, 2013 WL 1787563 (N.D. Tex. Apr. 26, 2013) (internal citation omitted).  "Sanctions available under Rule 37(b) are appropriate where there is willful disobedience or gross indifference but not where failure to comply was outside the control of the party."  *Id.* (citing *Dorsey v. Acad. Moving & Storage, Inc.,* 423 F.2d 858, 860 (5th Cir. 1970)).

28.    It is beyond dispute that the Compel Order required Defendants to respond to Plaintiff's discovery "no later than July 31, 2013."  It is further beyond

dispute that Defendants were aware of the Compel Order because they agreed to the terms thereof, as evidenced by the electronic signature of their attorney.

29.     Instead of drafting responses to the Discovery Requests, Sporn and Cortislim, Inc. filed their Motion for Leave seeking to add new and unrelated claims to this litigation.   Furthermore, Defendants had the audacity to propound their own written discovery on Plaintiff, despite having failed to comply with the Compel Order which required them to respond to the Discovery Requests the day before.  Counsel for Plaintiff has attempted on multiple occasions to contact counsel for Defendants to determine the status of Defendants' responses; however, Mr. Snyder has not responded to the voicemail messages.

30.     Having established that there was a valid court order in effect, that the order required certain conduct by Defendants, and that Defendants did not comply with this Court's order, Plaintiff contends that it would be appropriate to hold Defendants in contempt of court.  Plaintiff further contends that the fact that Defendants were able to draft and file a motion for leave, an amended answer with counterclaims and third-party claims, as well as written discovery of their own, all while ignoring their obligations and the deadline set forth in the Compel Order, establishes willful disobedience or gross indifference sufficient to justify sanctions against Defendants.

III.

Prayer

WHEREFORE, premises considered, Plaintiff requests that this Honorable Court grant Plaintiff's Motion for Contempt and for Sanctions and requires that: (a) each of the Defendants fully comply with the Compel Order by a date certain; (b) each of the corporate Defendants designate, pursuant to FED. R. CIV. P. 30(b)(6), corporate

representatives within seven (7) days of being served with a notice of deposition identifying the subject matter for examination; (c) Sporn and the corporate representatives of each of the Defendants designated pursuant to subsection (b) appear and produce themselves for deposition at the offices of Plaintiff's undersigned counsel by a date certain; and (d) Defendants pay to Plaintiff $5,000.00 to compensate Plaintiff for the losses it has sustained as a result of Defendants' failures to respond to Plaintiff's discovery requests and comply with the Compel Order.

Respectfully submitted,

MARIS & LANIER, P.C.


  /s/ Robert F. Maris
Robert F. Maris
State Bar No. 12986300
rmaris@marislanier.com
Matthew W. Lindsey
State Bar No. 24071893
mlindsey@marislanier.com
3710 Rawlins Street, Suite 1550
Dallas, Texas 75219
214-706-0920 telephone
214-706-0921 facsimile

ATTORNEYS FOR PLAINTIFF
CORTIS, INC.

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that counsel for Plaintiff attempted to confer with counsel for Defendants in a good faith effort to resolve this dispute without court action; however, counsel for Defendants has failed to respond to multiple voicemail messages regarding same, nor has he provided an explanation regarding Defendants' failure to provide the discovery ordered in the Compel Order.

_/s/ Matthew W. Lindsey_
Matthew W. Lindsey


## CERTIFICATE OF SERVICE

This is to certify that a true, correct and complete copy of the foregoing document has been served in accordance with the Federal Rules of Civil Procedure on the 8th day of August, 2013 to:

Michael A. Walsh
Maggie K. Murray
STRASBURGER & PRICE, LLP
901 Main Street, Suite 4400
**VIA CM/ECF ELECTRONIC FILING**


J. Branden Snyder
The Law Office of J. Branden Snyder
4426 Bonham Street
Dallas, Texas 75229
**VIA CM/ECF ELECTRONIC FILING**

_/s/ Matthew W. Lindsey_
Matthew W. Lindsey

735.050\s:\robert\cooley\cortislim\pleadings\contempt.mtn.docx