IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CORTIS, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:12-cv-00562-P |
| | § | |
| CORTISLIM INTERNATIONAL, INC., NATIONAL MARKETING, INC., CORTISLIM INTERNATIONAL LLC, ALAN R. SPORN, JOHN S. NEUBAUER, JR, AND RICHARD A. SPORN, | § § § § § § | |
| | § | |
| Defendants. | § | |

**PLAINTIFF'S SECOND MOTION FOR CONTEMPT AND FOR SANCTIONS, AND BRIEF IN SUPPORT**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW Plaintiff Cortis, Inc. ("Plaintiff") and, pursuant to Rule 37 of the Federal Rules of Civil Procedure, files this Second Motion for Contempt and Motion for Sanctions against Defendants Alan R. Sporn ("Sporn"), Cortislim International, Inc. ("Cortislim, Inc."), National Marketing, Inc. ("NMI"), and Cortislim International, LLC ("Cortislim, LLC") (collectively "Defendants"), and brief in support of same. In support thereof, Plaintiff respectfully shows this Honorable Court the following:

I.

Background Facts

1. Following Defendants' repeated failure to respond to Plaintiff's discovery requests, on July 1, 2013, the Court ordered that Defendants "respond fully, without objection" and "produce all responsive documents" by July 31, 2013 (the "Compel Order"). (Doc 67).

2. After Defendants failed to respond by the deadlines contained in the Compel Order, on August 8, 2013, Plaintiff filed its Motion for Contempt and for Sanctions, and Brief in Support (the "Motion for Contempt"). (Doc 71).

3. On August 30, 2013, Plaintiff and Defendants, through their respective counsel of record, appeared before the Court at a hearing on the Motion for Contempt. The Court subsequently entered an Order of the same date (the "Contempt Order") which required, among other things, that Defendants:

a. serve Plaintiff with complete written responses to Plaintiff's discovery requests and all responsive documents "no later than 9:00 a.m. on Tuesday, September 3, 2013" and

b. "produce to the plaintiff the remaining documents that have not yet been located" by September 20, 2013. (Doc 80).

The Contempt Order further declared that all "objections to the discovery requests, except privilege, are deemed waived." *Id.*

4. On September 3, 2013 at 11:46 a.m., Defendants served counsel for Plaintiff by email with amended written responses to Plaintiff's discovery requests (the "Amended Responses").[1] At approximately 12:30 p.m., counsel for Defendants delivered a USB drive to counsel for Plaintiff that he claimed contained Defendants' document production to accompany the Amended Responses. Shortly thereafter, counsel for Plaintiff notified counsel for Defendant that the USB drive did not contain any documents. It was not until approximately 3:56 p.m. that counsel for Defendants provided an internet link by which Plaintiff could access Defendants' document production.

[1] A true, correct, and complete copy of the Amended Responses is attached hereto as Exhibit "A," and incorporated herein by reference.

5. On September 16, 2013, the parties' counsel met face-to-face at the office of Plaintiff's attorney. During the course of this conference, it became apparent that both the Amended Responses and the documents produced by Defendants on September 3, 2013 were incomplete. Counsel for Defendants suggested that he contact his clients to explore options for resolving the incomplete responses and production, and that the parties resume their conference the next day. On September 17, 2013, the parties resumed discussions concerning Defendants' Amended Responses, particularly the document production.

6. During the parties' two conferences, counsel for Plaintiff noted that Defendants asserted a large number of objections in the Amended Responses despite the Contempt Order's statement that Defendants' objections were "deemed waived." *Id.* Of particular concern to Plaintiff is Defendants' continued assertion of an objection that any documents establishing the manner by which NMI acquired the assets made the basis of this litigation are "confidential" because any responsive documents were "filed under seal." Plaintiff has requested on multiple occasions that Defendants produce a court order establishing that responsive documents were, in fact, filed under seal. Defendants have failed to provide Plaintiff with such an order or offer an explanation why one cannot be produced.[2]

7. It is beyond dispute that Defendants did not produce all documents in their possession by the Contempt Order's September 3, 2013 deadline. In addition, Defendants have failed to comply with the Contempt Order's September 20, 2013

[2] Counsel for Plaintiff has personally researched relevant docket entries and pleadings from the case at issue which is styled *National Marketing, Inc. v. Window Rock Enterprises, Inc. and Does 1 through 10*, before the United States District Court for the Central District of California as Case No. 8:07-cv-01299 and has not located any pleadings which would support Defendants' contention that settlement documents were filed under seal or that a court order otherwise prevents the production of any documents responsive to Plaintiff's discovery requests.

deadline requiring the production of "remaining documents that have not yet been located."[3] Finally, Defendants continue to assert objections in the Amended Responses despite the fact that the Contempt Order deemed waived all objections other than privilege.

8. On September 20, 2013 at 5:44 p.m., counsel for Defendants forwarded by email further-amended written responses to Plaintiff's discovery requests (the "Second Amended Responses").[4] The email transmitting the Second Amended Responses stated that "[a]dditional documents are in the mail."[5] As of the date of the instant motion, Plaintiff has not received any of the additional documents alleged to have been mailed six days ago.

9. The Second Amended Responses revise approximately one-third of Defendants' responses set out in the Amended Responses. For the most part, the only "revision" contained in the Second Amended Responses is the addition of two new qualifications/objections. First, Defendants stated collectively a total of thirty-nine times that responsive documents would be produced "no later than October 17, 2013" as the parties agreed.[6] Counsel for Plaintiff, however, never made such an agreement.[7]

---

[3] It is the understanding of Plaintiff's counsel that no effort had been made by Defendants to physically locate these documents as of the September 17, 2013 conference.

[4] A true, correct, and complete copy of the Second Amended Responses is attached hereto as Exhibit "B," and incorporated herein by reference.

[5] *See* email from Branden Snyder dated September 20, 2013, attached hereto as Exhibit "C," and incorporated herein by reference.

[6] *See generally* Exhibit "B."

[7] During the parties' discussions, counsel for Defendants stated that someone would need to travel to California to assist Sporn with the production of documents responsive to Plaintiff's discovery requests and that he was unsure when that would occur. At no time, however, did counsel for Defendants propose October 17, 2013 as a date by which someone would travel to California and produce responsive documents, nor did counsel for Plaintiff agree that any extension of the Contempt Order's September 3 and 20 deadlines was acceptable. Finally, no explanation was given as to why Sporn, who personally controls each of the corporate Defendants, could not produce responsive documents himself, many of which are apparently located in filing cabinets at his personal residence.

Second, Defendants stated collectively a total of twelve times that responsive documents would be produced upon the entry of a protective order.[8]

10. While Plaintiff contends that Defendants' confidentiality objection has been waived, counsel for Plaintiff has nevertheless informed counsel for Defendants that Plaintiff is willing to submit to an agreed protective order. Defendants' counsel's efforts to participate in negotiating an agreed protective order, however, have been almost nonexistent. Instead, counsel for Defendants has offered a single draft protective order which was overly complicated and made contingent upon obtaining court orders from California unsealing documents when Defendants have failed to offer any evidence whatsoever regarding the existence of an order filing responsive documents under seal.

11. Finally, Defendants assert the objection in the Second Amended Responses that documents "too voluminous" would not be produced to Plaintiff, but would be "made available for inspection at a time and place mutually agreed to by the parties."[9] Plaintiff contends that the Contempt Order already set the time and place for the production of documents and it was at counsel for Plaintiff's office on September 3, 2013. The Contempt Order did not contemplate Plaintiff traveling to California at a time and date agreed to by Defendants so that Plaintiff could inspect documents.

II.

Argument & Authorities

12. Rule 37 permits a court to treat as contempt of court a party's failure to obey an order to provide or permit discovery. FED. R. CIV. P. 37(b)(2)(A)(vii). A "party seeking an order of contempt need only establish by clear and convincing evidence: (1)

---

[8] *See generally* Exhibit "B."
[9] *Id.*

that a court order was in effect; (2) that the order required certain conduct by the respondent; and (3) that the respondent failed to comply with the court's order. *Piggly Wiggly Clarksville, Inc. v. Mrs. Baird's Bakeries*, 177 F.3d 380, 382 (5th Cir. 1999) (internal citation omitted). "A party commits contempt when he violates a definite and specific order of the court requiring him to perform or refrain from performing a particular act or acts with knowledge of the court's order." *Id.* (quoting *Travelhost, Inc. v. Blandford*, 68 F.3d 958, 961 (5th Cir. 1995)). "Civil contempt is appropriate to either bring a party into compliance with the court order and/or to compensate the complaining party for losses sustained due to failure to comply." *Cooper v. Dallas Police Ass'n*, No. 3:05-cv-1778-N, 2013 WL 1787564, at *3 (N.D. Tex. Apr. 5, 2013) *report and recommendation adopted*, 3:05-cv-1778-N, 2013 WL 1787563 (N.D. Tex. Apr. 26, 2013) (internal citation omitted). "Sanctions available under Rule 37(b) are appropriate where there is willful disobedience or gross indifference but not where failure to comply was outside the control of the party." *Id.* (citing *Dorsey v. Acad. Moving & Storage, Inc.*, 423 F.2d 858, 860 (5th Cir. 1970)).

13. The requirements of the Contempt Order are beyond dispute. It is further beyond dispute that Defendants are aware of, have failed to comply with, and have affirmatively violated the terms of, the Contempt Order as set out above. Defendants have offered no justification for their failures other than to propose yet another date by which they promise to comply with their discovery obligations and the orders of this Court.

14. Plaintiff notes that October 17, 2013, one of countless extended deadlines proposed by Defendants, is more than half a year past Defendants' original deadline to respond, over two-and-a-half months past Defendants' deadline pursuant to the Compel

Order, and over six weeks past the September 3, 2013 deadline set out in the Contempt Order. The deadline for Defendants to respond to Plaintiff's discovery requests has already been the subject of numerous broken promises by Defendants to meet past deadlines and two court orders. Plaintiff further notes that the consequence of Defendants' failure to comply with their discovery obligations and this Court's orders has not only caused Plaintiff to incur monetary damages, which have been substantial, but has also had the effect of creating significant delays in the discovery process.

15. Pursuant to the Court's Scheduling Order (Doc 55), the discovery period closes January 3, 2014. It is necessary for Plaintiff to receive and review Defendants' written answers and responsive documents prior to noticing depositions in this case. Plaintiff believes that the vast majority of the documents necessary for Plaintiff to prosecute its claims are in the possession or subject to the control of the specific Defendants made the subject of the instant motion. With the discovery cutoff approximately three months out, Plaintiff faces the real possibility of being significantly prejudiced by Defendants' failure to participate in the discovery process.

16. In sum, Defendants have not offered any reasonable justification for their failure to comply with their discovery obligations or this Court's orders. Nor have Defendants offered a legitimate basis for extending the Contempt Order's September 3 deadline by more than six weeks. This is especially true in light of the fact that Defendants' blatant disregard for Contempt Order's requirements is evidenced not only by their failure to act by the time specified, but also by their affirmative act of continuing to assert objections previously deemed waived.

17. Having established that there was a valid court order in effect, that the order required certain conduct by Defendants, and that Defendants did not comply with

the order, Plaintiff contends that it would be appropriate to hold Defendants in contempt of court. Plaintiff further contends that since this the second instance of Defendants' failure to comply with this Court's orders, Defendants' above-described conduct establishes willful disobedience or gross indifference sufficient to justify sanctions against Defendants.

III.

Prayer

18. WHEREFORE, premises considered, Plaintiff requests that this Honorable Court grant Plaintiff's Second Motion for Contempt and for Sanctions and: (a) require that each of the Defendants, without further objection, equivocation, or delay, comply with the Compel Order and the Contempt Order; (b) require that Defendants pay to Plaintiff an amount sufficient to reimburse Plaintiff the reasonable attorneys' fees and costs it has incurred in obtaining the Compel Order and the Contempt Order, and in filing the instant second motion for contempt; (c) issue a warning to Defendants that their continued failure to comply with their discovery obligations and the Court's orders may result in additional sanctions, including, but not limited to, the Court striking Defendants' pleadings; and (d) grant Plaintiff any and all further relief to which it may show itself justly entitled.

Respectfully submitted,

MARIS & LANIER, P.C.

/s/ Robert F. Maris
Robert F. Maris
State Bar No. 12986300
rmaris@marislanier.com
Matthew W. Lindsey
State Bar No. 24071893
mlindsey@marislanier.com
3710 Rawlins Street, Suite 1550
Dallas, Texas 75219
214-706-0920 telephone
214-706-0921 facsimile

ATTORNEYS FOR PLAINTIFF
CORTIS, INC.

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that counsel for Plaintiff conferred with Branden Snyder, counsel for Defendants, concerning the relief requested in this motion and that Mr. Snyder stated Defendants are opposed.

/s/ Matthew W. Lindsey
Matthew W. Lindsey

## CERTIFICATE OF SERVICE

This is to certify that a true, correct and complete copy of the foregoing document has been served in accordance with the Federal Rules of Civil Procedure on the 26th day of September, 2013 to:

Michael A. Walsh
Maggie K. Murray
STRASBURGER & PRICE, LLP
901 Main Street, Suite 4400
**VIA CM/ECF ELECTRONIC FILING**

J. Branden Snyder
The Law Office of J. Branden Snyder
4426 Bonham Street
Dallas, Texas 75229
**VIA CM/ECF ELECTRONIC FILING**

/s/ Matthew W. Lindsey
Matthew W. Lindsey

735.050\s:\robert\cooley\cortislim\pleadings\contempt.mtn-2d.docx