IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CORTIS, INC., § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 3:12-CV-562-P |
| § | |
| CORTISLIM INTERNATIONAL, INC., § | |
| et al., § | |
| § | |
| Defendants. § | |

## ORDER

Pursuant to the electronic order filed October 3, 2013, before the Court is *Plaintiff's Second Motion for Contempt and for Sanctions, and Brief in Support*, filed September 26, 2013 (doc. 85).

A hearing was conducted concerning the motion on August 30, 2013. All parties appeared in person and through counsel. After consideration of the relevant filings, evidence, oral argument, and applicable law, including the agreement that certain defendants have now failed to comply with two court orders, and for the reasons stated on the record during the hearing,

1. The second motion to require the defendants, except Richard A. Sporn and John Neubauer, Jr. (Defendants), to comply with the July 1, 2013 agreed order (doc. 67) is **GRANTED**. Defendants **MUST** deliver to the plaintiff's counsel **at his office in Dallas** the following **no later than 9:00 a.m. on Wednesday, November 13, 2013**: (1) a privilege log; (2) complete verified answers to the plaintiff's interrogatories; (3) complete responses to the plaintiff's requests for production, and (4) **copies of all responsive non-privileged documents**. **All objections to the discovery requests, except privilege, are deemed waived and may not be asserted.** In order to be complete, the responses to the requests for production must either state that the responsive documents are being produced contemporaneously with the response, or that the documents do not exist. To the extent that

the documents have previously been produced, the response must state that fact and identify by Bates number the responsive documents that have been previously produced. If the responsive documents have not been produced, then Defendants must state that fact.

2. The motion to hold Defendants in contempt is **DENIED** at this time without prejudice. If Defendants do not comply with this order, the plaintiff may file a third sanctions motion. The third sanctions motion must specify the matters embraced by the agreed order or designated facts that the plaintiff requests be taken as established for purposes of this action as a result of Defendants' failure to produce responsive documents concerning those matters or facts. Defendants are hereby **GIVEN NOTICE** that if they fail to comply with this third order, the Court will direct that the matters embraced by the agreed order or designated facts to be established through the responsive documents that have not been produced be considered established for purposes of this action, as requested by the plaintiff and as permitted by Rule 37(b)(2)(A)(i). Defendants are also hereby **GIVEN NOTICE** that the Court will consider whether their pleadings should be stricken in whole or in part as permitted by Rule 37(b)(2)(A)(ii). They shall be required to **appear in person** at any hearing concerning a third sanctions motion.

3. Rule 37(b)(2) of the Federal Rules of Civil Procedure provides for sanctions if a party fails to obey an order to provide discovery and for the mandatory assessment of reasonable expenses, including attorney's fees, caused by the failure, unless substantially justified or other circumstances make an award of expenses unjust. FED. R. CIV. P. 37(b)(2)(C). The motion for discovery sanctions under this rule is **GRANTED** in part, and Defendants shall be required to pay the plaintiff's reasonable expenses, including attorney's fees, caused by the failure to comply with the agreed order and necessitating a second motion for sanctions. Local Rule 7.1(a) and (h) of the Local Civil Rules for the Northern District of Texas require that parties confer before filing an application for attorney's

fees and expenses. Accordingly, counsel are hereby directed to meet **face-to-face** and confer about the reasonableness of any requested fees, and also about whether fees for the previous discovery motion that resulted in the agreed order should be awarded. The "face-to-face" requirement is not satisfied by a telephonic conference. Any attorney or party refusing to appear for this meeting or to confer as directed in this Order will be subject to sanctions.

No later than **5:00 p.m. on November 6, 2013**, the parties must notify the Court of the results of the conference in writing. If the disputed issues have been resolved, the movant shall also forward an agreed proposed order in word or wordperfect format to "ramirez_orders@txnd.uscourts.gov". If the parties do not reach an agreement, or if the respondent fails to appear for the conference, the movant may file an application for reasonable expenses and attorney's fees **no later than 5:00 p.m. on November 6, 2013.** The fee application must be supported by documentation evidencing the "lodestar"[1] calculation, including affidavits and billing records, and citations to relevant authorities. *See Tollett v. City of Kemah*, 285 F.3d 357, 367 (5th Cir. 2002) using the "lodestar" method to award attorney's fees under Rule 37). The respondent may file a response **no later than 5:00 p.m. on November 13, 2013.** The response should also address whether fees should be assessed against the party, counsel, or both. Movant may file a reply **no later than 5:00 p.m. on November 20, 2013**.

All relief not expressly awarded herein is hereby denied.

**SO ORDERED** on this 23rd day of October, 2013.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[1] The "lodestar" method is explained in *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).