IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CORTIS, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:12-cv-00562-P |
| | § | |
| CORTISLIM INTERNATIONAL, | § | |
| INC., NATIONAL MARKETING, | § | |
| INC., CORTISLIM | § | |
| INTERNATIONAL LLC, ALAN R. | § | |
| SPORN, JOHN S. NEUBAUER, JR, | § | |
| AND RICHARD A. SPORN, | § | |
| | § | |
| Defendants. | § | |

**PLAINTIFF'S THIRD MOTION FOR CONTEMPT
AND FOR SANCTIONS, AND BRIEF IN SUPPORT**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW Plaintiff Cortis, Inc. ("Plaintiff") and, pursuant to Rule 37 of the Federal Rules of Civil Procedure, files this Third Motion for Contempt and for Sanctions against Defendants Alan R. Sporn ("Sporn"), Cortislim International, Inc. ("Cortislim, Inc."), National Marketing, Inc. ("NMI"), and Cortislim International, LLC ("Cortislim, LLC") (collectively "Defendants"), and brief in support of same. In support thereof, Plaintiff respectfully shows this Honorable Court the following:

**BACKGROUND FACTS RELEVANT TO MOTION**

1.  Despite three previous court orders, Defendants have failed and refused, and continue to fail and refuse, to respond fully to the written discovery propounded by Plaintiff. Rather than rehash Defendants' failures to respond to the written discovery and to obey this Court's orders, of which there have been many, Plaintiff incorporates by reference as if set forth in their entirety herein, the factual allegations of: (a) Plaintiff's

Motion to Compel and Brief in Support filed June 17, 2013 (Doc 64); (b) Plaintiff's Motion for Contempt and for Sanctions, and Brief in Support filed August 8, 2013 (Doc 71); (c) Plaintiff's Reply in Support of its Motion for Contempt and for Sanctions filed August 26, 2013 (Doc 78); (d) Plaintiff's Second Motion for Contempt and for Sanctions, and Brief in Support filed September 26, 2013 (Doc 85); (e) Plaintiff's Application for Attorneys' Fees filed November 6, 2013 (Doc 94); and (f) Plaintiff's Reply in Support of its Application for Attorneys' Fees filed November 20, 2013 (Doc 96).

2. On October 23, 2013, the Court entered its most recent Order in connection with the above-identified discovery motions (the "Order"). (Doc 92). The Order required, among other things, that Defendants serve Plaintiff's counsel with complete responses to Plaintiff's interrogatories and requests for production "no later than 9:00 a.m. on Wednesday, November 13, 2013."[1] The Order further required that, "[i]n order to be complete, the responses to the requests for production must either state that the responsive documents are being produced contemporaneously with the response, or that the documents do not exist."[2] Finally, the Order also required Defendants to "identify by Bates number the responsive documents that have been previously produced."[3]

3. On November 14, 2013 (a day late), Defendants' counsel emailed Plaintiff's counsel with amended written responses to Plaintiff's discovery requests. In addition, Defendants' counsel provided instructions which allowed Plaintiff's counsel to electronically access and download approximately six documents that had not been previously produced.

---

[1] Order dated October 23, 2013 at page 1 (the "Order"). (Doc 92).
[2] Order at page 1.
[3] Order at page 2.

**PLAINTIFF'S THIRD MOTION FOR CONTEMPT
AND FOR SANCTIONS, AND BRIEF IN SUPPORT**                    **PAGE 2**

4.     Upon review, it was immediately clear to Plaintiff's counsel that these amended responses did not comply in any respect with the requirements of the Court's Order. Furthermore, documents the parties previously discussed (which were also discussed at the hearing on October 23, 2013) were not included in Defendants' production. As a result, in a letter dated November 20, 2013, Plaintiff summarized several of the many ways in which Defendants had failed to comply with the Court's Order.[4] Plaintiff's November 20, 2013 correspondence requested that Defendants once again amend their written responses to bring them into compliance with the Court's Order.[5] Plaintiff set a deadline of December 2, 2013 for Defendants to respond with the hope of avoiding another motion for contempt.[6]

5.     On December 2, 2013, Defendants' counsel requested an additional day to provide further amended written answers and responsive documents, to which Plaintiff's counsel agreed.

6.     On December 5, 2013 (two days late), Defendants' counsel emailed further amended written responses to Plaintiff's discovery requests (the "Current Responses").[7]

7.     Upon review, it is clear that Defendants' Current Responses do not comply with the requirements of the Court's Order.

---

[4] A true, correct and complete copy of the letter dated November 20, 2013 (without enclosures) is attached hereto as Exhibit "A," and incorporated herein by reference.
[5] *See* Exhibit "A."
[6] *See* Exhibit "A."
[7] True, correct, and complete copies of the individual responses which comprise the Current Responses are attached hereto and incorporated by reference as follows: Cortislim, Inc.'s Response to Plaintiff's First Amended Requests for Discovery is attached hereto as Exhibit "B;" Cortislim, Inc.'s Response to Plaintiff's Amended Second Requests for Discovery is attached hereto as Exhibit "C;" Sporn's Response to Plaintiff's First Amended Requests for Discovery is attached hereto as Exhibit "D," Cortislim, LLC's Response to Plaintiff's First Amended Requests for Discovery is attached hereto as Exhibit "E;" and NMI's Response to Plaintiff's First Amended Requests for Discovery is attached hereto as Exhibit "F."

**ARGUMENT & AUTHORITIES**

8. Rule 37 permits a court to treat as contempt of court a party's failure to obey an order to provide or permit discovery. FED. R. CIV. P. 37(b)(2)(A)(vii). A "party seeking an order of contempt need only establish by clear and convincing evidence: (1) that a court order was in effect; (2) that the order required certain conduct by the respondent; and (3) that the respondent failed to comply with the court's order. *Piggly Wiggly Clarksville, Inc. v. Mrs. Baird's Bakeries*, 177 F.3d 380, 382 (5th Cir. 1999) (internal citation omitted). "A party commits contempt when he violates a definite and specific order of the court requiring him to perform or refrain from performing a particular act or acts with knowledge of the court's order." *Id.* (quoting *Travelhost, Inc. v. Blandford,* 68 F.3d 958, 961 (5th Cir. 1995)). "Civil contempt is appropriate to either bring a party into compliance with the court order and/or to compensate the complaining party for losses sustained due to failure to comply." *Cooper v. Dallas Police Ass'n*, No. 3:05-cv-1778-N, 2013 WL 1787564, at *3 (N.D. Tex. Apr. 5, 2013) *report and recommendation adopted*, 3:05-cv-1778-N, 2013 WL 1787563 (N.D. Tex. Apr. 26, 2013) (internal citation omitted). "Sanctions available under Rule 37(b) are appropriate where there is willful disobedience or gross indifference but not where failure to comply was outside the control of the party." *Id.* (citing *Dorsey v. Acad. Moving & Storage, Inc., 423 F.2d 858, 860 (5th Cir. 1970)*).

9. The requirements of the Court's October 23, 2013 Order (and similar previous orders) are beyond dispute. It is further beyond dispute that Defendants are aware of, have failed to comply with, and have affirmatively violated the terms of, the Order as set out above. In addition to the failures noted above, the Current Responses do not comply with the requirements of the Order in the following respects:

a. Defendants' Current Responses assert approximately seventy-four (74) objections and/or equivocating answers expressly prohibited by the Order. Examples of Defendants' responses which violate the Order include: (i) will produce at "mutually agreeable time and place;"[8] (ii) no response at all;[9] (iii) "not in possession of any documents responsive to this request;"[10] (iv) "reserves the right to supplement;"[11] (v) "document in question contains over 3000 pages;"[12] (vi) "not aware of any documents in its possession;"[13] (vii) "will supplement this response as documents become available;"[14] (viii) "there are a large number of irrelevant and redundant documents;"[15] (ix) "does not have any documents responsive to this request;"[16] (x) "documents can be obtained from the corporate defendants;"[17] and (xi) "directs Plaintiff to the answers to Interrogatories by Defendant Cortislim, Inc."[18]

b. The vast majority of the Current Responses do not identify responsive documents with any specificity. Instead, the Current Responses refer Plaintiff generally to unspecified documents contained within one of several folders available online. As an example, Plaintiff requested that Cortislim, Inc. produce its financial statements. In response, Cortislim, Inc. stated that responsive documents were located in the "Tax Returns" folder.[19] First, the "Tax Returns" folder contains several tax returns; however, most were filed on behalf of other Defendants and are unresponsive to this particular request. Additionally, none of the tax returns contain financial statements. The Current Responses are the equivalent of narrowing the location of a potentially responsive document from an entire file cabinet down to a single drawer. In sum, the Order required Defendants to identify with specificity each responsive document produced. Defendants' Current Responses fail to comply with the Order in this respect.

c. Instead of answering a particular discovery request, several of the Current Response refer Plaintiff to the answers of one of the other Defendants. In several of these responses, however, the particular discovery request at issue was not posed to the other defendant to whom the answer refers. As an example, Plaintiff asked Sporn to identify any person who communicated facts concerning the Subscription Agreement to Plaintiff. Sporn's response "directs Plaintiff to the answers to Interrogatories by Defendant Cortislim,

---

[8] *See e.g.*, Exhibit "B" at Request for Production No. 1.
[9] *See e.g.*, Exhibit "B" at Request for Production No. 11.
[10] *See e.g.*, Exhibit "C" at Request for Production No. 14.
[11] *See e.g.*, Exhibit "C" at Request for Production No. 16.
[12] Exhibit "C" at Request for Production No. 18.
[13] *See e.g.*, Exhibit "C" at Request for Production No. 19.
[14] *See e.g.*, Exhibit "C" at Request for Production No. 19.
[15] *See e.g.*, Exhibit "C" at Request for Production No. 20.
[16] *See e.g.*, Exhibit "C" at Request for Production No. 27.
[17] *See e.g.,* Exhibit "D" at Request for Production No. 5.
[18] *See e.g.*, Exhibit "D" at Interrogatory No. 5.
[19] *See e.g.,* Exhibit "B" at Request for Production No. 14.

       Inc."[20]  The problem is that this particular question was not asked of Cortislim, Inc., nor do Cortislim, Inc.'s responses provide an answer for this interrogatory.

    d. Defendants have yet to produce responsive documents the parties have previously discussed, including those discussed in open court.  For example, the requirement that Defendants' produce a product study was discussed at the hearing on October 23, 2013.  Defendants' counsel subsequently informed Plaintiff's counsel that the study was being shipped to him, and that he would "bring it to your office as soon as is possible."[21] As of the filing of the instant motion, Defendants have not produced the referenced study.

10.    In sum, Defendants' failures to comply with the specific requirements of the Order are pervasive.  Having established that there is a valid court order in effect, that the Order required certain conduct by Defendants, and that Defendants have not complied with the Order, Plaintiff contends that it would be appropriate to hold Defendants in contempt of court and to assess sanctions against each of them.  Plaintiff further contends that since this is the <u>third</u> instance of Defendants' failure to comply with this Court's orders, Defendants' above-described conduct establishes willful disobedience or gross indifference sufficient to justify sanctions against Defendants.  Based on Defendants' history of non-compliance, Plaintiff contends that any additional order requiring Defendants to do some affirmative act would be ignored.  Therefore, Plaintiff requests that the Court strike Defendants' pleadings in whole pursuant to Rule 37(b)(2)(A)(iii) of the Federal Rules of Civil Procedure.

## PRAYER

11.    WHEREFORE, premises considered, Plaintiff requests that this Honorable Court grant Plaintiff's Third Motion for Contempt and for Sanctions and: (a) hold Defendants in contempt of court, (b) strike Defendants' pleadings as permitted by Rule

---

[20] *See* Exhibit "D" at Interrogatory No. 9.
[21] *See* Email dated November 11, 2013 from Branden Snyder, attached hereto as Exhibit "G," and incorporated herein by reference.

**PLAINTIFF'S THIRD MOTION FOR CONTEMPT
AND FOR SANCTIONS, AND BRIEF IN SUPPORT**                                          **PAGE 6**

37(b)(2)(A)(iii) of the Federal Rules of Civil Procedure, (c) render a default judgment in favor of Plaintiff and against Defendants as permitted by Rule 37(b)(2)(A)(vi) of the Federal Rules of Civil Procedure, and (d) grant Plaintiff any and all further relief, including but not limited to its reasonable attorneys' fees, to which it may show itself justly entitled.

Respectfully submitted,

MARIS & LANIER, P.C.

　/s/ Robert F. Maris　
Robert F. Maris
State Bar No. 12986300
rmaris@marislanier.com
Matthew W. Lindsey
State Bar No. 24071893
mlindsey@marislanier.com
3710 Rawlins Street, Suite 1550
Dallas, Texas 75219
214-706-0920 telephone
214-706-0921 facsimile

ATTORNEYS FOR PLAINTIFF
CORTIS, INC.

**CERTIFICATE OF CONFERENCE**

The undersigned hereby certifies that he attempted to confer with Branden Snyder, counsel for Defendants, concerning the relief requested in this motion. Specifically, the undersigned reached out to Mr. Snyder via email and via telephone, leaving several messages, in an attempt to confer on the instant motion. As of the filing of this motion, Mr. Snyder has not returned the undersigned's messages. Therefore, it is presumed Defendants oppose the relief sought in this motion.

　/s/ Matthew W. Lindsey　
Matthew W. Lindsey

**CERTIFICATE OF SERVICE**

      This is to certify that a true, correct and complete copy of the foregoing document has been served in accordance with the Federal Rules of Civil Procedure on the 26th day of December, 2013 to:

Michael A. Walsh
Maggie K. Murray
STRASBURGER & PRICE, LLP
901 Main Street, Suite 4400
**VIA CM/ECF ELECTRONIC FILING**

J. Branden Snyder
The Law Office of J. Branden Snyder
4426 Bonham Street
Dallas, Texas 75229
**VIA CM/ECF ELECTRONIC FILING**

    /s/ Matthew W. Lindsey
    Matthew W. Lindsey

735.050\s:\robert\cooley\cortislim\pleadings\contempt.mtn-3d.docx