**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| CORTIS, INC., § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 3:12-CV-562-P |
| § | |
| CORTISLIM INTERNATIONAL, INC., § | |
| et al., § | |
| § | |
| Defendants. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

By electronic order filed December 31, 2013, *Plaintiff's Third Motion for Contempt and for Sanctions, and Brief in Support*, filed December 26, 2013 (doc. 97), was referred for determination. By order dated February 18, 2014 (doc. 127), the motion was granted in part, and conditionally granted to the extent that the defendants who were the subject of the motion did not comply with the terms of that order. Now before the Court is *Plaintiff's Notice of Defendants' Noncompliance,* filed March 5, 2014 (doc. 133).

**I.    BACKGROUND**

On February 23, 2012, Plaintiff Cortis, Inc. (Plaintiff) filed this action against Cortislim International, Inc. (Cortislim, Inc.), National Marketing, Inc. (NMI), Cortislim International, LLC (Cortislim, LLC), Alan R. Sporn (Sporn), John S. Neubauer, Jr., and Richard A. Sporn.  (doc. 1.)[1] Plaintiff asserted causes of action for common law fraud, federal securities fraud, violation of the Texas and Delaware State Securities Laws, violation of the Tex. Bus. & Com. Code § 27.02, breach of contract, and breach of fiduciary duty in connection with an investment transaction among the

---

[1]Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

parties. (*Id.*)

On January 14, 2013, the Court issued a scheduling order that set a January 3, 2014 deadline for the completion of discovery (the Scheduling Order). (doc. 55.) On February 20, 2013, Plaintiff served Cortislim, Inc., NMI, Cortislim, LLC, and Sporn (collectively, Defendants) with requests for production and interrogatories. (doc. 64 at 2.) Defendants' response deadline was March 25, 2013. (*Id.*) On March 19, 2013, due to the withdrawal of Defendants' counsel of record, Defendants' deadline to respond to the outstanding discovery requests was extended until April 22, 2013. (doc. 61.) On April 22, 2013, the parties stipulated that Defendants' deadline to respond to the requests was extended until May 15, 2013. (doc. 63.)

### A.     First Discovery Order

On April 25, 2014, Plaintiff served Cortislim, Inc. with a second set of requests for production, with responses due on May 28, 2013. (doc. 64 at 3.) Plaintiff filed a motion to compel on June 17, 2013, based on Defendants' alleged evasive and incomplete responses to the first set of discovery requests. (doc. 64 at 5.) On July 1, 2013, Defendants were ordered to fully respond to amended discovery requests by July 31, 2013 (the First Discovery Order). (doc. 67 at 1-2.)

### B.     Second Discovery Order

Defendants failed to comply with the First Discovery Order. (*See* doc. 174 at 47-48; doc. 92 at 1.) On August 8, 2013, Plaintiff filed a motion for contempt and sanctions based on Defendants' failure to respond to its discovery requests at all in violation of the First Discovery Order or provide any justification or excuse for their failure to respond. (doc. 71 at 6.) On August 30, 2013, Plaintiff's motion to require Defendants to comply with the First Discovery Order was granted, and Defendants were ordered to serve complete verified responses and answers to the

discovery requests, as well as copies of all responsive documents, no later than 9:00 a.m. on September 3, 2013 (the Second Discovery Order). (doc. 80 at 1.) Plaintiff's motion for sanctions was also granted, and Defendants were ordered to pay Plaintiff's reasonable expenses, including attorney's fees, caused by the failure to comply with the First Discovery Order. (*Id*. at 2.)

**C.     Third Discovery Order**

Defendants failed to comply with the Second Discovery Order. (*See* doc. 174 at 49; doc. 92 at 1.) On September 26, 2013, Plaintiff filed a second motion for contempt and for sanctions based on Defendants' failure to timely respond to the discovery requests and to produce or make available all the documents responsive to the requests in violation of the Second Discovery Order. (doc. 85 at 1-8.) On October 23, 2013, Plaintiff's motion to require Defendants to comply with the Second Discovery Order was granted, and Defendants were ordered to serve complete verified responses and answers to the discovery requests as well as copies of responsive documents no later than 9:00 a.m. on November 13, 2013 (the Third Discovery Order). (doc. 92 at 1-2.) The order expressly notified Defendants that if they failed to comply with the Third Discovery Order, the Court would consider whether their pleadings should be stricken in whole or in part as permitted by Rule 37(b)(2)(A)(ii). (*Id*. at 2.) Plaintiff's motion for sanctions was also granted, and Defendants were ordered to pay Plaintiff's reasonable expenses, including attorney's fees, caused by their failure to comply with the Second Discovery Order and necessitating a second motion for sanctions. (*Id*.)[2]

Defendants failed to comply with the Third Discovery Order. (*See* doc. 174 at 50-51; doc. 127 at 1.) On January 3, 2014, Plaintiff filed its second motion to compel seeking to compel Sporn to answer its second set of discovery requests fully and without objection and to produce every

---

[2] Plaintiff's motion to hold Defendants in contempt was denied without prejudice.

document responsive to its second set of discovery requests. (doc. 103 at 1-11.) On January 18, 2014, Sporn was ordered to fully respond to and produce all documents responsive to Plaintiff's second set of discovery requests by January 31, 2014. (doc. 113 at 1-2.)

**D.     Fourth Discovery Order**

On December 26, 2013, Plaintiff filed a third motion for contempt and for sanctions based on Defendants' failure to comply with the Third Discovery Order. (doc. 97.) An evidentiary hearing was set for February 18, 2014; Sporn attended as a corporate representative for Defendants and on behalf of himself, along with his attorney. (*See* doc. 118.) An order was entered on February 18, 2014, based in part on the concession that Defendants failed to comply with three court orders, conditionally granting Plaintiff's motion for the sanction of striking Defendants' pleading (the Fourth Discovery Order). (doc. 127 at 1.) The Court stated that it would issue a formal recommendation that Defendants' pleadings be stricken unless Defendants produced to Plaintiff's counsel, final and complete responses to the discovery requests as well as copies of all responsive, non-privileged documents by March 4, 2014 at 5:00 p.m. (*Id*. at 2.) In order for the responses to be complete, the Order required the following:

> [T]he responses to the requests for production must either state that the responsive documents are being produced contemporaneously with the response, or that the documents do not exist. If the responsive documents do not exist, the response must fully explain why those documents do not exist or why they are not in the possession, custody or control of Defendants. To the extent that Defendants have previously produced responsive documents, the response must state that fact and identify by Bates number (or some other means for easily identifying documents) the responsive documents that have been previously produced as well as the date that those documents were previously produced. If the responsive documents have not been produced, then Defendants must state that fact and fully explain why those responsive documents could not be produced by Defendants.

(*Id*. at 2.)

Plaintiff's third motion for sanctions was also granted. (*Id*. at 3.) Defendants and their counsel were ordered to jointly pay Plaintiff's reasonable expenses, including attorney's fees, caused by Defendants' failure to comply with the Court's orders and necessitating a third motion for sanctions. (*Id*.)

**E.     Order to Show Cause**

On March 5, 2014, Plaintiff filed a notice of Defendants' noncompliance based on their "procedural" and "substantive" noncompliance with the Fourth Discovery Order. (doc. 133 at 1-3.) On March 28, 2014, all unexpired deadlines and settings set out in the Scheduling Order were abated pending determination of whether Defendants had complied with the Fourth Discovery Order. (doc. 151 at 1.)

On April 17, 2014, Plaintiff filed its fourth motion for sanctions based on Defendants' failure to comply with the Fourth Discovery Order and for their failure to comply with the Court's orders requiring them to pay monetary sanctions. (doc. 154.) On May 28, 2014, in connection with Plaintiff's notice of Defendants' noncompliance, Defendants were ordered to show cause at an evidentiary hearing scheduled for June 18, 2014, for their failure to comply with the Fourth Discovery Order and for why their pleadings should not be stricken as a discovery sanction. (doc. 169 at 1.) Plaintiff's fourth motion for sanctions was denied as moot because the issues raised in the motion were the same as those raised in the notice of noncompliance. (doc. 170.)

At the hearing, Sporn testified as a representative for Defendants. (doc. 174 at 3, 5.) Notably, he testified that he hired independent legal advisors and a paralegal to help him complete the document production. (*Id*. at 6.) He also worked with his attorney to provide written responses to the discovery requests. (*Id*. at 46, 48.) When asked about the incompleteness of certain

responses, Sporn frequently attributed the incompleteness to other people, such as his paralegal. He stated that he did not prepare the responses, that he did not know why certain documents were or were not listed or were missing, and that certain documents must have been mislabeled. (*See, e.g.*, *id*. at 118 ("I did not prepare Bates stamps, but this is not the right exhibit[]"); 120 ("I can't recall at the time, but these were prepared by my legal advisors at the time."); 124 ("If some paralegal mislabeled something, that's not my fault."); 138 ("Again, I don't prepare those documents ... okay?"); 149 ("It would appear that it has inadvertently been mislabeled."); 163 ("I believe somebody perhaps mislabeled ... the exhibits.").)  Sporn also testified that Defendants failed to pay their monetary sanctions. (*Id*. at 23-24.)

The parties elected to waive oral argument at the June 18, 2014 evidentiary hearing and to proceed by written submission. (doc. 173 at 1.)  In addition to their written submissions, the parties were ordered on June 18, 2014 to file post-hearing proposed findings of fact regarding whether the defendants complied with the Fourth Discovery Order and conclusions of law regarding whether the alleged failure to comply with the order warranted "death penalty" sanctions. (*Id*. at 1-2.)  The proposed findings of fact and conclusions of law were ultimately due on August 22, 2014. (doc. 179.)  Plaintiff filed its proposed findings of fact and conclusions of law as well as its post-hearing written submission on August 22, 2014. (*See* docs. 180, 181.)  Defendants filed a brief in response to the order to show cause on August 22, 2014,[3] but they failed to file findings of fact and conclusions of law as ordered by the Court. (*See* doc. 182.)

After consideration of the evidence submitted, the post-hearing proposed findings of fact and

---

[3] Defendants attached a declaration and several exhibits to their brief. (*See* doc. 182.) The June 18, 2014 order stated that no new evidence may be submitted with the parties' written submissions. (*See* doc. 173 at 2.) Accordingly, the declaration and exhibits are not considered.

conclusions of law, the post-hearing written submissions, and applicable law, the Court finds and concludes as follows:

## II.     FINDINGS OF FACT

1.      Sporn is the corporate representative for Defendants.  (doc. 174 at 5.)  He is the person responsible for making sure Defendants comply with the Court's discovery orders and for finding documents responsive to Plaintiff's discovery requests. (doc. 174 at 17.)  Sporn read and understood the requirements set forth in the Fourth Discovery Order.  (*Id*. at 5, 55-56.)

2.      Cortislim, Inc. served a supplement and verification to its discovery responses on March 17, 2014, thirteen days after the deadline for the responses.  (*See* doc. 153-3 at 6.)

3.      Cortislim, Inc., Cortislim, LLC, and NMI served written responses that state, without any explanation, that documents were not previously produced "due to a technical error." (*See* doc. 144-1 at 10; doc. 144-3 at 11; doc. 144-4 at 8.)  Sporn was not able to identify what the technical error was that prevented the previous production of the documents.  (*See* doc. 174 at 85.)

4.      Cortislim, Inc., Cortislim, LLC, and NMI served written responses that state, without any explanation, that documents were not previously produced because they were "not located until after the Court's Order." (*See* doc. 144-1 at 7-8; doc.144-3 at 8, 10; doc.144-4 at 7; doc.144-5 at 2-3, 5-6, 16.)  The documents had been located somewhere on Sporn's property.  (doc. 174 at 93.)

5.      Cortislim, Inc., Sporn, and NMI served written responses that state, without any explanation, that responsive documents were not produced because they were "lost or destroyed due to computer failure."  (*See* doc. 144-2 at 2; doc.144-3 at 8; doc.144-4 at 5-8.)  Martha Gaines, the general manager of Cortislim, Inc., was responsible for entering data regarding Cortislim, Inc, Cortislim, LLC, and NMI from physical documents into the computer that "failed" and filing the

7

"backup" information. (*See* doc. 174 at 64, 77.) Gaines stored business records at a location in Florida, including documents from which she input information into the failed computer. (*Id.* at 65, 78.) Sporn did not ask Gaines if she had any documents regarding Defendants. (*Id*. at 80.) Sporn does not know whether the physical documents stored by Gaines in Florida are still there. (*Id*. at 78.)

### B.     Defendant[] Cortislim[,]Inc.'s Response to Plaintiff's First Amended Requests for Discovery

1.     There are documents responsive to Request for Production No. 1 that Cortislim, Inc., did not list as being produced in response to that Request. (*See* doc. 144-3 at 3; doc. 174 at 111, 115.)

2.     There are documents responsive to Request for Production No. 2 that Cortislim, Inc., listed as being produced in response to that Request that it did not produce. (*See* doc. 144-3 at 6-7; doc. 179.)

3.     There are documents responsive to Request for Production No. 4 that Cortislim, Inc., did not list as being produced in response to that Request, and there are documents that it listed as being produced in response to that Request that are not responsive. (*See* doc. 144-3 at 7-8; doc. 174 at 118-119.)

4.     There are documents responsive to Request for Production No. 5 that Cortislim, Inc. listed as being produced in response to that Request that it did not produce. (*See* doc. 144-3 at 8; doc. 179.)

5.     There is a document responsive to Request for Production No. 7 that Cortislim, Inc., listed as being produced in response to that Request that it did not produce. (*See* doc. 144-3 at 8-9; doc. 179.)

6.     There are documents responsive to Request for Production No. 12 that Cortislim,

Inc., listed as being produced in response to that Request that it did not produce. (*See* doc. 144-3 at 10; doc. 179.)

7. There are documents responsive to Request for Production No. 13 (item no. 25) that Cortislim, Inc., did not list as being produced in response to that Request. (*See* doc. 144-3 at 10; doc. 174 at 120-122.)

8. There is a document responsive to Request for Production No. 15 that Cortislim, Inc., did not list as being produced in response to that Request and that it did not produce. (*See* doc. 144-3 at 11; doc. 174 at 123-25.) There is also a document that Cortislim, Inc., did list as being produced in response to that Request that it did not produce. (*See* doc. 144-3 at 11; doc. 179.)

9. There are documents responsive to Request for Production No. 16 that Cortislim, Inc., listed as being produced in response to that Request that it did not produce. (*See* doc. 144-3 at 11; doc. 179.)

10. There are persons who should have been listed in response to Interrogatory No. 18 (item no. 39) who were not listed in the response or the supplemental response. (*See* doc. 144-3 at 13; doc. 174 at 127-130.)

11. There is at least one document responsive to Request for Production No. 21 that Cortislim, Inc., did not list as being produced in response to that Request. (*See* doc. 144-3 at 13; doc. 174 at 130-131.)

**C.    Defendant Cortislim International[,]Inc.'s Response to Plaintiff's Amended Second Requests for Discovery**

1. There are documents responsive to Request for Production No. 1-B that Cortislim, Inc., did not list as being produced in response to that Request, and there are documents it listed as being produced that are not responsive to that Request. (*See* doc. 144-5 at 1; doc. 174 at 131-35.)

2.      There are documents responsive to Request for Production No. 1-C that Cortislim, Inc., did not list as being produced in response to that Request. (*See* doc. 144-5 at 1; doc. 174 at 136-137.)

3.      There are documents responsive to Request for Production No. 6 that Cortislim, Inc., did not list as being produced in response to that Request. (*See* doc. 544-3 at 5; doc. 174 at 138-39.)

4.      There are documents responsive to Request for Production No. 7 that Cortislim, Inc., did not list as being produced in response to that Request, and there is a document it listed as being produced that is not responsive. (*See* doc. 144-5 at 6; doc. 174 at 140-41.)

5.      There are documents responsive to Request for Production No. 8-B that Cortislim, Inc., listed as being produced in response to that Request that were not produced. (*See* doc. 144-5 at 7; doc. 179.)

6.      There is a document that Cortislim, Inc., listed as being produced in response to Request for Production No. 14-B that is not responsive. (*See* doc. 144-5 at 9; doc. 174 at 142.)

7.      There is a document that Cortislim, Inc., listed as being produced in response to Request for Production No. 16-B that is not responsive. (*See* doc. 144-5 at 10; doc. 174 at 143-44.)

8.      The information provided by Cortislim, Inc., in response to Request for Production No. 20 is incorrect. (*See* doc. 144-5 at 11; doc. 174 at 146-47.)

9.      There are documents responsive to Request for Production No. 23-A & B that Cortislim, Inc., listed as being produced in response to that Request that it did not produce. (*See* doc. 144-5 at 13; doc. 179.)

10.     There are documents responsive to Request for Production No. 23-B that Cortislim, Inc., did not list as being produced in response to the Request, and there are documents it listed as

being produced that are not responsive. (*See* doc. 144-5 at 13; doc. 174 at 148-50.)

11.     Cortislim, Inc., failed to respond at all to Request for Production No. 24-A. (*See* doc. 144-5 at 13; *see also* doc. 174 at 153.)

12.     There is a document that Cortislim, Inc., listed as being produced in response to Request for Production No. 27-B that is not responsive. (*See* doc. 144-5 at 15; doc. 174 at 159-60.)

13.     There are only nonresponsive documents that Cortislim, Inc., listed as being produced in response to Request for Production No. 28-B. (*See* doc. 144-5 at 15; doc. 174 at 163-65.)

14.     There are documents responsive to Request for Production No. 28-C that Cortislim, Inc., listed as being produced in response to that Request that were not produced. (*See* doc. 144-5 at 15; doc. 179.)

15.     There are documents responsive to Request for Production No. 29-B that Cortislim, Inc., listed as being produced in response to that Request that were not produced. (*See* doc. 144-5 at 16; doc. 179.)

16.     There is a document that Cortislim, Inc., listed as being produced in response to Request for Production No. 29-C that is not responsive. (*See* doc. 144-5 at 16; doc. 174 at 166.)

17.     There is a document that Cortislim, Inc., listed as being produced in response to Request for Production No. 29-D that is not responsive. (*See* doc. 144-5 at 16; doc. 174 at 167-68.)

**D.     Defendant[] Cortislim[,]International LLC's[] Response to Plaintiff's First Amended Requests for Discovery**

1.     There are documents responsive to Request for Production No. 5 that Cortislim, Inc., listed as being produced in response to that Request that were not produced. (*See* doc. 144-1 at 6; doc. 179.)

**E.     Defendant Alan Sporn's Response to Plaintiff's First Amended Requests for Discovery**

1. There are documents responsive to Request for Production No. 2 that Sporn listed as being produced in response to that Request that were not produced. (*See* doc. 144-2 at 2; doc. 179.)

2. There are documents responsive to Request for Production No. 3 that Sporn listed as being produced in response to that Request that were not produced. (*See* doc. 144-2 at 2; doc. 179.)

3. There are documents responsive to Request for Production No. 10 that Sporn listed as being produced in response to that Request that were not produced. (*See* doc. 144-2 at 6; doc. 179.)

4. There are documents responsive to Request for Production No. 11 that Sporn listed as being produced in response to that Request that were not produced. (*See* doc. 144-2 at 7-8; doc. 179.)

### III.   CONCLUSIONS OF LAW

Rule 37(b)(2)(A)(iii), (vi) provides that if a party fails to obey an order to provide discovery, the court may strike pleadings in whole or in part or render a default judgment against the disobedient party. While Rule 37 allows for striking pleadings and rendering a default judgment as a discovery sanction, "[l]itigation-ending sanctions are, by their very nature, the last resort." *Fuqua v. Horizon/CMS Healthcare Corp.*, 199 F.R.D. 200, 204 (N.D. Tex. 2000) (citing *FDIC v. Conner*, 20 F.3d 1376, 1380 (5th Cir. 1994)). "Nevertheless, in certain circumstances, they are justified 'not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent.'" *Id.* (citing

*National Hockey League v. Metropolitan Hockey Club*, 427 U.S. 639, 643 (1976)). The Fifth Circuit has articulated several factors that must be present before litigation-ending sanctions are justified, including that (1) "the refusal to comply results from willfulness or bad faith and is accompanied by a clear record of delay or contumacious conduct"; (2) the violation is "attributable to the client instead of the attorney"; (3) the violation "substantially prejudice[s] the opposing party"; and (4) a lesser sanction would not "substantially achieve the desired deterrent effect." *FDIC*, 20 F.3d at 1380-81.

**A.    Failure to Comply**

Because Defendants have served untimely and incomplete responses to Plaintiff's discovery requests, the Court finds that they have failed to comply with the Fourth Discovery Order. Specifically, Cortislim, Inc., filed verified responses after the March 4, 2014 deadline. Also, in response to several requests for production, Cortislim, Inc., failed to list documents as produced or previously produced that were responsive to those requests. Similarly, it listed documents responsive to certain requests that were not, in fact, responsive. Cortislim, Inc., Cortislim, LLC, and Sporn failed to produce several documents responsive to the requests for production, including documents that they listed as being produced. Cortislim, Inc., listed incomplete or incorrect responses to certain requests. Finally, many responses by Defendants failed to fully explain why certain responsive documents had not been produced, previously or otherwise.

**B.    Willful Conduct Accompanied by Record of Delay**

Defendants' conduct is willful and accompanied by a clear record of delay. Defendants failed to provide complete and proper responses to Plaintiff's original discovery requests, even though the deadline to complete the responses had been extended twice. (*See* docs. 61, 63, 64 at 5.)

As a result, they were ordered to fully respond to amended discovery requests by July 31, 2013. (*See* doc. 67 at 1-2.) They failed to respond at all to the requests, and as a result, on August 30, 2013, they were ordered to serve complete, verified responses to the requests and responsive documents no later than 9:00 a.m. on September 3, 2013. (*See* doc. 80 at 1.) Defendants failed to timely respond to the requests and produce or make available all responsive documents. (*See* doc. 174 at 49; doc. 92 at 1.) By order dated October 23, 2013, they were again ordered to serve complete verified responses to the requests and responsive documents by 9:00 a.m. on November 13, 2013, but they failed to comply with this order as well. (*See* doc. 174 at 50-51; doc. 127 at 1.) On February 18, 2014, they were notified that if they did not serve final and complete responses to Plaintiff's discovery requests as well as copies of all responsive documents by 5:00 p.m. on March 4, 2014, the Court would issue a recommendation that their pleadings be stricken. (*See* doc. 127 at 1.) After over thirteen months and four orders as of the June 18, 2014 show cause hearing, Defendants have still failed to provide complete discovery responses and all responsive documents. *See Oviedo v. Lowe's Home Improvement, Inc.*, 184 Fed. App'x 411, 412-13 (5th Cir. 2006) (upholding dismissal with prejudice where plaintiff was uncooperative with discovery for five months); *Moody v. Schwartz*, 97 F.R.D. 741, 744 (S.D. Tex. 1983)(finding plaintiff's failure to "answer fully and completely" an interrogatory was willful and in conscious disregard for defendants' discovery rights in light of the fact that the court previously ordered plaintiff on two occasions to answer the interrogatories).

Especially indicative of Defendants' willful conduct is the fact that Sporn, who was responsible for providing the discovery responses and documents on behalf of Defendants, testified that he understood the requirements in the Fourth Discovery Order. Even so, he failed to comply

with the order. *See Moore v. CITGO Refining and Chemicals, Co.*, L.P., 735 F.3d 309, 316 (5th Cir. 2013)("Plaintiffs were aware of the Court's rulings, and nevertheless failed to conduct themselves in accordance with them. This failure evidences a blatant disregard for the judicial process, and constitutes willful and contumacious conduct.").

Also indicative of Defendants' willful conduct is Sporn's failure to explain why documents were not produced due to a "technical error" or due to being "lost or destroyed due to computer failure." Sporn acknowledged that the physical copies of the electronic documents that were lost due to computer error may still exist. (*See* doc. 174 at 78-80.) To the extent documents existed that were not in Defendants' possession, custody, or control, they failed to explain in their responses why those documents were not in Defendants' possession, custody, or control as required by the Fourth Discovery Order. Additionally, when asked about the incomplete and incorrect responses and Defendants' failure to produce certain responsive documents, Sporn attributed the incompleteness of the discovery to other people despite the fact that he was ultimately responsible for providing the responses and documents. (*See, e.g.,* doc. 174 at 118, 120, 124, 138, 149, 163.)

Notably, Defendants even failed to comply with the Court's order requiring them to file findings of fact and conclusions of law regarding whether they complied with the Fourth Discovery Order and whether their alleged failure to comply warrants "death penalty" sanctions.

Although Sporn testified that he had medical issues, he has had over a year and a half to provide complete discovery responses and all documents responsive to Plaintiff's discovery requests. He also testified that he hired independent legal advisors and a paralegal to help compile the documents and assist with the production. (doc. 174 at 6.) Accordingly, Defendants have not shown that their failure to comply with the Court's orders is a result of their inability to comply as

15

opposed to willfulness or bad faith. *See Yazdchi v. American Honda Finance Corp.*, 217 Fed.App'x 299, 302 (5th Cir. 2007).

**C.     Violation Attributable to Client Instead of Attorney**

Here, the delay and violation of the Court's discovery orders is attributable to Defendants as opposed to their attorney.  Sporn, Defendants' representative, was present at the hearings conducted regarding Defendants' noncompliance with the Court's discovery orders. (*See* doc. 174, 184.) He testified that he was the person responsible for making sure Defendants complied with the Court's orders and for finding documents responsive to the discovery requests.  (doc. 174 at 17.) He also testified that he understood the requirements of the Fourth Discovery Order.  (doc. 174 at 5, 55-56.)   Additionally, he was personally sanctioned three different times for failure to comply with the Court's discovery orders. (doc. 127 at 3; doc. 92 at 1; doc. 86 at 2.) *See Worrell v. Houston Can! Academy*, 424 Fed. App'x 330, 337 (5th Cir. 2011)(finding the defendant's discovery violations were attributable to her where she was present at a show-cause hearing on her deficient discovery responses and where she was personally sanctioned on two previous occasions for discovery abuses). Even though Sporn testified that he worked with his attorney to provide answers and documents, and his attorney admitted that he shared some fault in Defendants' failure to comply with the Court's orders, there is no reason to believe that Defendants' attorney was solely responsible for the delay and violation of the Court's orders. (*See* doc. 174 at 46, 48). In any event, "[d]ismissal may be appropriate even when the client shares little of the blame for an attorney's conduct." *Carter v. Dialysis Clinic, Inc.*, 234 F.3d 707, 2000 WL 1598098 (5th Cir. 2000) (table) (citing *Dorsey v. Scott Wetzel Serv., Inc.*, 84 F.3d 170 (5th Cir.1996)(per curiam) and *Woodson v. Surgitek*, 57 F.3d 1406, 1418 (5th Cir.1995)).

**D.     Substantial Prejudice to Opposing Party**

The Court also finds that Plaintiff has been substantially prejudiced by Defendants' violation of the Court's discovery orders. As of the June 18, 2014 hearing, it has been over fourteen months since Plaintiff's first set of discovery was due and almost two and one half years since the case was filed, and Plaintiff still does not have complete responses to its discovery requests, or all non-privileged documents responsive to its requests. Plaintiff has filed two motions to compel discovery responses, four motions for contempt and sanctions, and several other motions related to Defendants' failure to provide complete discovery responses and comply with the Court's discovery orders. It has also filed motions and submissions regarding Defendants' failure to pay their monetary sanctions, which Defendants still have not paid. As a result of Defendants' failure to comply with the discovery orders, Plaintiff's ability to prepare its case has been hampered, and the case deadlines and settings have been abated. Plaintiff has therefore been substantially prejudiced by its inability to prepare its case and move forward with the litigation. *See Worrell*, 424 Fed. App'x at 337 (finding defendant was substantially prejudiced by plaintiff's conduct where she repeatedly failed to comply with prior discovery orders which hampered defendants's ability to prepare a defense); *Ung Yi v. Huffines Chrysler Plymouth Inc.*, No. 3:13-cv-220, 2014 WL 3887449, at *2 (N.D. Tex. Aug. 7, 2014) (finding defendant was substantially prejudiced by defendant's failure to comply with the court's discovery order "due to the increased litigation costs incurred to prosecute the motions to compel and for sanctions, and the denial of discoverable materials necessary to the preparation of its defense"); *Rickman v. Akash Hotels Int'l*, No. 3:08-cv-1777, 2010 WL 3783980, at *4 (N.D.Tex. Aug. 30, 2010), *report and recommendation adopted*, 2010 WL 3783962 (N.D.Tex. Sept. 27, 2010)(finding defendants were substantially prejudiced by Plaintiff's

failure to provide discovery after almost a year after the discovery was due and almost two years after the case was filed); *see also Barron v. Patel*, No. 3:10-cv-1636-D, 2013 WL 246649, at *3 (N.D.Tex. Jan. 23, 2013)(finding that in determining whether to award a default judgment as a discovery sanction, the court can consider whether the discovery violation prejudiced the opposing party's preparation for trial).

**E.     Effectiveness of a Lesser Sanction**

Finally, a lesser sanction would not "substantially achieve the desired deterrent effect." *See FDIC*, 20 F.3d at 1380-81. Defendants have received several opportunities to remedy their failure to provide Plaintiff with complete discovery responses and all non-privileged documents responsive to its discovery requests. In fact, there are four different orders giving them specific instructions regarding responding to the discovery requests. Also, Plaintiff has been awarded monetary sanctions on three occasions for Defendants' failure to comply with the Court's discovery orders. In the Fourth Discovery Order, Plaintiff's motion for the sanction of striking Defendants' pleading was conditionally granted to the extent Defendants did not comply with that order. (doc. 127 at 1.) Despite the monetary sanction awards and warning from the Court, Defendants have continued to disregard the Court's orders, including an order to provide findings of fact and conclusions of law regarding whether death penalty sanctions are warranted. Based on their blatant disregard of the Court's discovery orders, it is clear that a lesser sanction than striking their pleadings would not substantially achieve the necessary deterrent effect. *See Reed v. TSA Stores, Inc.*, No. 3:12-cv-04065, 2013 WL 5405460, at *2 (N.D.Tex. Sept. 25, 2013)(finding lesser sanctions would not suffice where plaintiff was repeatedly threatened with sanctions by the court to no avail); *Fuqua*, 199 F.R.D. at 206  (finding a less severe sanction would not be sufficient where "significant

monetary sanctions have already been imposed ... and they have obviously been unsuccessful in deterring [the defendants' discovery] misconduct").

## IV. RECOMMENDATION

Plaintiff's motion for the sanction of striking Defendants' pleadings should be granted, and Defendants' pleadings should be stricken as a discovery sanction. The Clerk of the Court should be directed to enter default against Defendants pursuant to Fed. R. Civ. P. 55(a).

**SO RECOMMENDED** on this 19th day of February, 2015.

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE