**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **CORTIS INC.,** § | | |
| Plaintiff, § | | |
| § | | |
| v. § | No. 12-CV-0562-P | |
| § | | |
| **CORTISLIM INTERNATIONAL INC.,** § | | |
| et al., § | | |
| Defendants. § | | |

**ORDER ACCEPTING FINDINGS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

On February 19, 2015, the assigned Magistrate Judge issued Findings, Conclusions, and Recommendation ("FCR") in which she recommended that the Court grant Plaintiff's Third Motion for Contempt and for Sanctions ("Motion for Sanctions") (doc. 97) to the extent Plaintiff sought to strike the pleadings of the defendants as a discovery sanction. (*See* FCR, doc. 185.) She further recommended that the Court direct the Clerk of Court to enter default against defendants pursuant to Fed. R. Civ. P. 55(a). (*See id.*) Although the FCR refers to defendants generally, it is clear from the motion for sanctions and relevant filings, including the FCR, that the recommended sanctions apply only to Defendants CortiSlim International, Inc.; National Marketing, Inc.; CortiSlim International, LLC; and Alan R. Sporn ("Sporn"). Those four defendants timely objected to the recommendation.[1] (*See* Defs.' Obj'n to Findings of Fact and Conclusions of Law [hereinafter Obj'ns], doc. 189.) They urge the Court to reject the FCR. (*Id.* at 1-4.) Plaintiff has not responded to the objections. For the reasons that follow, the Court accepts the FCR, after reviewing all relevant matters of record, including the FCR, the filed objections, and the transcripts of the relevant hear-

---

[1] For ease of reference, the Court will refer to these four defendants as "Defendants" even though there are two other defendants in this action – John S. Neubauer, Jr. and Richard A. Sporn.

ings, in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(3).

## I. AUTHORITY OF MAGISTRATE JUDGE AND STANDARD OF REVIEW

Section 636(b)(1) of Title 28 of the United States Code grants magistrate judges authority to consider and handle non-dispositive and dispositive pretrial matters, subject to different standards of review by a district court judge. Section 636(b)(1)(A) permits district judges to "designate a magistrate judge to hear and determine any pretrial matter pending before the court," except for

> a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action.

The district judge may review and reconsider any pretrial matter decided by a magistrate judge under the authority of subparagraph (A) when "it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."

Section 636(b)(1)(B) permits district judges to refer dispositive matters to a magistrate judge for issuance of proposed findings of fact and recommendations for disposition.[2] The statute provides for the filing of written objections to proposed findings and recommendations and for a de novo determination of matters "to which objection is made." Objections asserted in accordance with this provision serve "to narrow the dispute" and enable district judges "to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute." *Thomas v. Arn*, 474 U.S. 140, 147 & n.6 (1985). And § 636(b)(1) "does not on its face require any review at all . . . of any issue that is not the subject of an objection." *Id.* at 149. Nevertheless, "while the statute does not require the

---

[2]Section 636(b)(1)(B) also addresses applications for post-trial relief filed by individuals convicted of a criminal offense and prisoner actions challenging conditions of confinement. But those matters are not relevant to the instant case.

judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, *sua sponte* or at the request of a party, under a *de novo* or any other standard." *Id.* at 154.

Like § 636(b)(1), Fed. R. Civ. P. 72 recognizes that the authority of magistrate judges and the corresponding review by the district court ultimately depend on whether the referred matter is properly characterized as dispositive or non-dispositive. 12 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 3068 (3d ed. 2014). This distinction has constitutional significance because the Constitution of the United States "requires that Article III judges exercise final decision-making authority, and therefore, a district court judge must make the final determination on dispositive matters." *Segal v. L.C. Hohne Contractors, Inc.*, 303 F. Supp. 2d 790, 793 (S.D. W. Va. 2004) (citing *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1463 (10th Cir. 1988) (citing *United States v. Raddatz*, 447 U.S. 667, 683 (1980))). Given the constitutional concerns about magistrate judges making dispositive rulings, courts do not confine application of § 636(b)(1)(B) to the eight listed motions; they instead key their review "to the underlying considerations of the dispositive-nondispositive dichotomy." 12 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 3068.2 (3d ed. 2014). Consequently, when a referred matter is "not among the listed exceptional motions, the lenient 'clearly erroneous or contrary to law' standard of Section 636(b)(1)(A) would be applied so long as the judge did not conclude that the motion was nevertheless dispositive." *Id.*

Rule 72 provides further guidance as to reviewing both dispositive and non-dispositive pretrial rulings of magistrate judges. Parties have fourteen days to object to either type of ruling. *See* Fed. R. Civ. P. 72(a) and (b)(2). For non-dispositive matters, Rule 72(a) mandates that the

district judge "consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." For dispositive matters, Rule 72(b)(3) provides for a de novo determination of "any part of the magistrate judge's disposition that has been properly objected to." While Rule 72(b) does not facially require any review in the absence of a specific objection, the advisory committee notes following its adoption in 1983 state: "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."

Credibility issues do not require the district court to hold a de novo hearing, but they do require consideration of the actual testimony, not merely a review of the findings and recommendations. *Hernandez v. Estelle*, 711 F.2d 619, 620 (5th Cir. 1983). Observing witnesses is crucial to adequately determine their credibility. *Louis v. Blackburn*, 630 F.2d 1105, 1110 (5th Cir. 1980). Such observation "may be accomplished either by the district judge accepting the determination of the magistrate after reading the record, or by rejecting the magistrate's decision and coming to an independent decision after hearing the testimony and viewing the witnesses." *Id.*

Because "a magistrate judge may not seek out work or expand his or her role beyond that assigned by the district judge . . . the starting point in any analysis of an action by a magistrate judge is the scope of the specific referral to that magistrate judge by the district court." 12 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 3068 (3d ed. 2014). In this case, the reference order does not limit the authority of the magistrate judge. (*See* Electronic Order, doc. 99.) The order merely states that the sanction motion (doc. 97) was referred to the magistrate judge. (*See id.*) In such instances, this Court has previously found that "the authority of the magistrate judge regarding the referred motion[] is not constrained by the order of reference."

4

*Brown v. Bridges*, No. 12-CV-4947-P, 2015 WL 410062, at *3 (N.D. Tex. Jan. 30, 2015).

This Court has also held that "when a district court refers a motion for sanctions, 'the sanction chosen by the magistrate judge, rather than the sanction sought by the party, governs the determination of whether Rule 72(a) or 72(b)' supplies the proper standard of review." *Id.* (quoting *Segal*, 303 F. Supp. 2d at 794). In the circumstances now before the Court, the Magistrate Judge recommends that the Court strike the pleadings of Defendants. Because such sanction is dispositive in nature, § 636(b)(1)(B) and Rule 72(b) provide the appropriate standard of review.

Consistent with § 636(b)(1)(B) and Rule 72(b)(3), the Court reviews the findings and recommendation of the Magistrate Judge in this case. It "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *accord* 28 U.S.C. § 636(b)(1).

## II. BACKGROUND

Plaintiff sues defendants for common law fraud, federal securities fraud, violations of state securities laws, violation of Section 27.01 of the Texas Business & Commerce Code, and breaches of contract and fiduciary duty.

The discovery dispute leading to the recommended sanctions first arose following requests for discovery served on February 20, 2013, and a second set of requests served in April 2013. Based upon evasive and incomplete responses to those discovery requests, Plaintiff filed a motion to compel. (*See* Doc. 64.) That motion resulted in an Agreed Order (doc. 67) which ordered Defendants to "respond fully, without objection, to Plaintiff's amended discovery requests" that were attached to the Agreed Order. Defendants had until July 31, 2013, to comply with that order.

Plaintiff moved for sanctions when Defendants failed to comply with the Agreed Order. (*See*

Doc. 71.) The Magistrate Judge set a briefing schedule and scheduled a hearing on the motion for August 30, 2013. (*See* Doc. 75.) When Defendants failed to respond to the motion for sanctions, Plaintiff asked the Court to grant the requested sanctions. (*See* Doc. 78.) After conducting a hearing, the Magistrate Judge imposed monetary sanctions; ordered Defendants (except Richard A. Sporn) to comply with the Agreed Order by September 3, 2013; ordered Defendants to produce "remaining documents that have not yet been located within 21 days;" and deemed all objections other than privilege waived. (*See* Doc. 80.)

Plaintiff filed a second motion for sanctions when Defendants provided incomplete responses and asserted objections to the discovery requests. (*See* Doc. 85.) The Magistrate Judge set a briefing schedule for this motion and scheduled a hearing on the motion for October 23, 2013. (*See* Doc. 88.) In response to the motion, Defendants explained that Cortislim LLC and National Marketing, Inc. are no longer viable businesses, health issues of Alan Sporn has hindered production of documents, and that "Defendants have at this point produced almost all of the documents requested." (*See* Doc. 89.) Following a hearing on the motion, the Magistrate Judge ordered:

> 1.     The second motion to require the defendants, except Richard A. Sporn and John Neubauer, Jr. (Defendants), to comply with the July 1, 2013 agreed order (doc. 67) is **GRANTED**. Defendants **MUST** deliver to the plaintiff's counsel **at his office in Dallas** the following **no later than 9:00 a.m. on Wednesday, November 13, 2013**: (1) a privilege log; (2) complete verified answers to the plaintiff's interrogatories; (3) complete responses to the plaintiff's requests for production, and (4) **copies of all responsive non-privileged documents**. **All objections to the discovery requests, except privilege, are deemed waived and may not be asserted.** In order to be complete, the responses to the requests for production must either state that the responsive documents are being produced contemporaneously with the response, or that the documents do not exist. To the extent that the documents have previously been produced, the response must state that fact and identify by Bates number the responsive documents that have been previously produced. If the responsive documents have not been produced, then Defendants must state that fact.

>      2.     The motion to hold Defendants in contempt is **DENIED** at this time without prejudice. If Defendants do not comply with this order, the plaintiff may file a third sanctions motion. The third sanctions motion must specify the matters embraced by the agreed order or designated facts that the plaintiff requests be taken as established for purposes of this action as a result of Defendants' failure to produce responsive documents concerning those matters or facts. Defendants are hereby **GIVEN NOTICE** that if they fail to comply with this third order, the Court will direct that the matters embraced by the agreed order or designated facts to be established through the responsive documents that have not been produced be considered established for purposes of this action, as requested by the plaintiff and as permitted by Rule 37(b)(2)(A)(i). Defendants are also hereby **GIVEN NOTICE** that the Court will consider whether their pleadings should be stricken in whole or in part as permitted by Rule 37(b)(2)(A)(ii). They shall be required to **appear in person** at any hearing concerning a third sanctions motion.

(*See* Doc. 92.)

Because Defendants did not comply with that order (doc. 92), Plaintiff filed a third motion for sanctions. (*See* Doc. 97.) The Magistrate Judge again set a briefing schedule for the motion and scheduled oral argument for January 22, 2014. (*See* Doc. 101.) In response to the motion, Defendants conceded that amended responses to discovery "may have violated the Court's prior order [by] mistakenly contain[ing] language reserving the right to supplement responses." (*See* Doc. 110.) The Magistrate Judge rescheduled the motion hearing to February 18, 2014. (*See* Doc. 118.)

On February 14, 2014, the Magistrate Judge awarded Plaintiff fees in the amount of $11,608 for the discovery disputes leading to the first motion to compel and related motions for sanctions. (*See* Doc. 122.) Four days later she conducted a hearing on the third motion for sanctions and entered an order conditionally granting the motion to the extent it sought to strike Defendants' pleadings as a sanction. (*See* Doc. 127, 184.)[3] To give Defendants one additional opportunity to comply with their discovery obligations as ordered by the Court, the Magistrate Judge ordered:

---

[3] Doc. 184 is the transcript of the February 18, 2014 hearing.

> The motion for the sanction of striking Defendants' pleadings is **CONDITIONALLY GRANTED**. The Court will issue a formal recommendation that Defendant's pleadings be stricken as a discovery sanction **UNLESS**, (1) within fourteen days of the date of this order (March 4, 2014 by 5:00 p.m.), Defendants produce to the plaintiff's counsel a final complete verified response to each of the plaintiff's interrogatories and requests for production, and copies of all responsive nonprivileged documents, including electronically stored documents in a reasonably usable form; and (2) within twenty-one days of the date of this order (March 11, 2014 by 5:00 p.m.), Defendants produce to the plaintiff's counsel the data file containing 1.8 million names in a reasonably usable form.
>
> Defendants shall file the responses to the discovery requests with the Court, but they shall not file the documents themselves with the Court.
>
> All objections to the discovery requests, except privilege, are deemed waived and may not be asserted.

(*See* Doc. 127.)

On March 5, 2015, Plaintiff filed a notice of noncompliance. (*See* Doc. 133.) The next day, Defendants moved for leave to respond to that notice and explained "that there were technical glitches and typographical errors that caused some of the problems mentioned by Plaintiffs, that Defendants promptly cured any deficiencies caused by those glitches and fixed any additional errors, and that Defendants' are not substantively noncompliant with the Court's orders." (*See* Doc. 134.) The Magistrate Judge granted Defendants leave to file a response by March 14, 2014. (*See* Electronic Order, (doc. 134).) And she later entered a second award of attorneys' fees in the amount of $11,750 for Defendants' failure to comply with court orders and causing the third motion for sanctions. (*See* Doc. 142.)

In their response to the notice of noncompliance, Defendants contested the alleged noncompliance but affirmatively stated that they produced one previously unproduced document and corrected typographical errors on March 5, 2014. (Doc. 143.) They also provided various exhibits to support their response. (*See* Doc. 144.) In light of the ongoing discovery disputes, the undersigned

8

granted an agreed motion to abate and continue all deadlines and settings pending completion of the discovery addressed in the February 18, 2014 order. (*See* Doc. 151.)

Alleged failures to comply with requirements of the February 18, 2014 court order, (*see* Pl.'s Notice of Defs.' Noncompliance, doc. 133), and failures to pay the imposed monetary sanctions led to Plaintiff's fourth motion for sanctions. (*See* Doc. 154.) The Magistrate Judge again set a briefing schedule for this motion and scheduled oral argument for May 28, 2014. (*See* Doc. 156.) In response to the motion, Defendants explained that they had not paid the monetary sanctions due to lack of resources and contended that they had complied with the substance of the February 18, 2014 order. (*See* Doc. 160.) In reply, Plaintiff flatly disputed compliance with that order, (*see* Doc. 166), and in a supplemental reply, it stated that Defendants had falsified entries on produced computer files as shown by internal audit trails created by the computer program, (*see* Doc. 167).

The Magistrate Judge conducted the May 28, 2014 hearing, entered an order finding the fourth motion for sanctions moot because the Court would address sanction issues through a contemporaneous order to show cause, which set an evidentiary hearing for June 18, 2014. (*See* Docs. 168-70.) Defendants filed a memorandum in opposition to the order to show cause wherein they (1) contended that Plaintiff conceded at the May 28, 2014 hearing that it could not identify any document that Defendants failed to produce and (2) explained that they merely updated their computer files prior to production. (*See* Doc. 171.)

On June 18, 2014, the Magistrate Judge held an evidentiary hearing on the order to show cause. (*See* Doc. 173-74.)[4] The parties waived oral argument and elected to proceed by written submission. (*See* Doc. 173.) In addition to providing the parties an opportunity to submit written argu-

---

[4]Doc. 174 is the transcript of the June 18, 2014 hearing.

ments, the Magistrate Judge ordered them to "file post-hearing proposed (1) findings of fact with **citations to the hearing transcript** regarding whether the defendants complied with the February 18, 2014 order, and (2) conclusions of law concerning whether any alleged failure to comply with the order warrants the striking of the defendants' pleadings, or 'death penalty' sanctions." (*See id.*) The Magistrate Judge set a deadline for such filings and further stated: "The parties may also, but are not required to, submit written arguments by that date. No new evidence may be submitted, however." (*Id.*) Nevertheless, on an agreed motion filed by the parties, the Magistrate Judge ordered the show cause record to be supplemented to show that Defendants had not produced various documents (Exs. 10, 23, 83, 109-14, 121-25, 226, 377-80, 489, 491, 495-97, 500, 502-06, 508-12, 521, 527-35, and 1974-77) to Plaintiff. (*See* Doc. 179.)

On August 22, 2014, Plaintiff filed proposed findings of fact and conclusions of law (doc. 180) and a post-hearing written submission (doc. 181) while Defendants filed a brief in response (doc. 182) to the order to show cause with more than 900 pages of exhibits. On February 19, 2015, the Magistrate Judge issued the FCR (doc. 185) that is now before the Court. Following four discovery disputes, the Magistrate Judge recommended that the undersigned sanction Defendants by striking their pleadings and directing the Clerk of Court to enter default against them. After obtaining an extension of time, Defendants filed timely objections to the FCR. (*See* Docs. 188-89.)

### III. OBJECTIONS

Defendants assert that the Magistrate Judge made several "key errors of fact" that led to erroneous conclusions of law. (*See* Obj'ns at 1.) In thirteen paragraphs, they assert various objections to the FCR. (*See id.* at 1-4.)

Defendants first object to finding that they failed to file proposed findings of fact and

conclusions of law. While recognizing that their chosen format was "somewhat unorthodox," they argue that their response (doc. 182) to the order to show cause (doc. 173) was their proposed findings of fact and conclusions of law. (*See id.*) The Court rejects the argument. The Magistrate Judge accurately found that Defendants failed to file findings of fact and conclusions of law. Their response is no more than the written submission that they could file in addition to the required proposed findings of fact and conclusions of law. And even that written submission ignores that part of the Magistrate Judge's order which states that no further evidence may be submitted. In any event, the Magistrate Judge considered the written briefing (doc. 182) in making her findings and recommendation. Although the Magistrate Judge declined to consider declarations and exhibits attached to that brief, such action is consistent with the order to show cause. For all of these reasons, the Court overrules this objection to the FCR.

Defendants next object that the Magistrate Judge overlooked that Sporn affirmatively stated that all documents in his possession had been produced. Reviewing the record as a whole, the Court finds no basis to find that the Magistrate Judge overlooked such affirmative statement. The statement, moreover, is essentially immaterial to her findings and recommendation. Sporn merely testified that he "believe[d] that all the documents that were ordered to be produced have been produced." Defendants overlook the fact that Sporn made that statement as of the date of the hearing, June 18, 2014. But Defendants had a March 2014 deadline for complying with the court order. The fact that Sporn testified that he believed all documents had been produced by June 18, 2014, has no bearing on whether Defendants complied with the prior court order. Furthermore, the supplemental hearing record (doc. 179) unambiguously identifies numerous documents that Defendants had not produced to Plaintiff even by July 25, 2014. The Court overrules this objection.

In the next three pages of their objections, Defendants appear to merely attempt to pass the blame for various failures and shortcomings. Defendants blame the discovery failures on Plaintiff for seeking documents instead of conducting depositions. They blame others for an inadequate record regarding (1) a computer failure that resulted in lost or destroyed documents and (2) why some documents were only found after the court order. They continually suggest that they produced documents to the extent they could do so. While they argue that it is absolutely clear that there was no purposeful hiding of documents or delay, the Magistrate Judge accurately sets out a clear record of delay and contumacious conduct on the part of Defendants. What is absolutely clear from the record is that Defendants did not take their discovery obligations seriously. And they did not comply with such obligations.

Defendants also object that the Magistrate Judge did not consider the relevancy of any deficient discovery response when recommending the harsh sanction of striking pleadings. They contend that relevancy is a threshold issue when determining sanctions for discovery abuse. But the case they cite for that proposition, *Cache La Poudre Feeds, LLC v. Land O'Lakes, Inc.*, 244 F.R.D. 614, 621 (D. Colo. 2007), concerns destruction or loss of evidence, not a failure to comply with a court order to produce discovery that is present in this case. Prejudice in the spoliation context requires that the spoliated evidence be relevant to the lawsuit. *T & E Inv. Grp. LLC v. Faulkner*, No. 11-CV-0724-P, 2014 WL 550596, at *15-16 (N.D. Tex. Feb. 12, 2014). However, prejudice in the instant context is not limited to the destruction or loss of relevant documents. While the relevancy of deficient discovery may be pertinent to whether Plaintiff was substantially prejudiced by the violation of the court orders, courts may find substantial prejudice without specifically considering relevancy. In this case, the first motion to compel resulted in an agreed order submitted jointly by the parties.

12

Defendants agreed to provide full responses to amended discovery requests but failed to do so. On multiple occasions thereafter, the Magistrate Judge ordered Defendants to provide the discovery and, at least once, specifically noted that Defendant had waived objections other than privilege. It is disingenuous for Defendants to now suggest[5] that requested discovery is not relevant after they provided deficient responses to agreed discovery.

The Magistrate Judge properly found that Defendants failed to comply with the fourth discovery order. The record presents a clear record of delay by Defendants. The record supports finding the delay willful. *See S. U.S. Trade Ass'n v. Guddh*, 565 F. App'x 280, 283 (5th Cir. 2014) (per curiam) (recognizing that courts may properly ascertain willfulness from a "pattern of behavior"). It supports attributing the non-compliance to Defendants. The Court agrees that Plaintiff has been substantially prejudiced by the discovery failures. And imposed lesser sanctions have been ineffective. Defendants did not fully comply with the court order even when faced with a final opportunity to avoid having their pleadings struck. Given the circumstances before it and having conducted a de novo review and determination as to the issues to which Defendants have specifically objected, the Court overrules all objections asserted against the FCR.

## IV. CONCLUSION

After reviewing all relevant matters of record in this case, including the FCR, the filed objections, and the transcripts from the hearings, in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(3), the Court finds that the Findings and Conclusions of the Magistrate Judge are

---

[5] Defendants do not even affirmatively object that the discovery is irrelevant – they merely argue that Plaintiff has not shown missing documents to be relevant. (*See* Objn's at 3 ("It is of note that nowhere does a [sic] Plaintiff choose to relate any deficiency with prejudice to the Plaintiff.") and 4 ("In this case, the relevance of any late produced or missing documents is not firmly established on the record.").)

correct. It has conducted a de novo review and determination as to the issues to which Defendants have specifically objected. Having reviewed the remainder of the FCR for clear error, it is satisfied that there is no clear error on the face of the record. The Magistrate Judge properly applied the law to the discovery transgressions of Defendants and recommended an appropriate sanction. Accordingly, the Court hereby accepts the Findings and Conclusions of the Magistrate Judge as the Findings and Conclusions of the Court. And it accepts the recommendation to grant the third motion for sanctions (doc. 97), and to strike Defendants' pleading (doc. 58) as a sanction for failures to comply with court orders.[6] The Court directs the clerk to enter a default against CortiSlim International, Inc.; National Marketing, Inc.; CortiSlim International, LLC; and Alan R. Sporn.

But just because these defendants are now in default does not mean that Plaintiff will be automatically entitled to default judgment. *See Lewis v. Lynn*, 236 F.3d 766, 767-68 (5th Cir. 2001). In addition, "when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties *only if the court expressly determines that there is no just reason for delay.*" Fed. R. Civ. P. 54(b). Because two defendants remain to defend this action, any decision as to whether default judgment is warranted will not be addressed until after this action terminates as to all defendants. By separate order, the Court will direct counsel for the parties to submit proposed deadlines and settings for an amended scheduling order.

**SO ORDERED this 8th day of September, 2015.**

_Jorge A. Solis_
**JORGE A. SOLIS**
**UNITED STATES DISTRICT JUDGE**

---

[6]The answers of Defendant Neubauer (doc. 38) and Richard A. Sporn (doc. 40) remain effective.